

Kaufman Dolowich & Voluck, LLP

Four Penn Center
1600 JFK Boulevard, Suite 1030
Philadelphia, PA 19103

Telephone: 215.501.7002
Facsimile: 215.405.2973

www.kdvlaw.com



**Richard J. Perr, Esq.**
Email: rperr@kdvlaw.com

June 2, 2020

**VIA CM/ECF**
The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

   **Re: Naftali Schmelczer, et al., v. Penn Credit Corporation**
      <u>Civil Action No. 7:20-cv-02380-KMK</u>

Dear Judge Karas:

   I represent Defendant, Penn Credit Corporation ("Penn Credit"), in this action. Penn Credit submits this letter requesting a pre-motion conference regarding its intent to file a Motion to Dismiss under Rule 12(b)(6). On March 18, 2020, Plaintiff, Naftali Schmelczer ("Plaintiff"), filed a Class Action Complaint ("Complaint"), and alleges individual and class action claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Doc. 1).

   Plaintiff's allegations stem from a June 19, 2019 collection letter ("the Letter") sent to Plaintiff. (Doc. 1 at ¶ 27; Doc. 1-1). The Letter contains, among other things, Plaintiff's name and address, Penn Credit's name, hours of operation, and contact information, information regarding the creditor, Plaintiff's account identification number, the total balance owed, and further information related to Plaintiff's obligation. (Doc. 1-1). The bottom portion of the Letter consists of a detachable payment slip just beneath the following text: "DETACH AND RETURN WITH PAYMENT TO EXPEDITE CREDIT TO YOUR ACCOUNT." (Doc. 1-1). Two addresses appear at the bottom of the Letter on the Letter's detachable payment slip. (Doc. 1-1). The address toward the bottom right-hand corner of the payment slip indicates Penn Credit's address: "PENN CREDIT PO Box 69703 Harrisburg, PA 17106-9703." (Doc. 1-1) (emphasis in original). The address in the top left-hand corner of the payment slip, the area traditionally reserved for a returned-mail address, contains the returned-mail address for the Letter: "P.O. Box 1259, Department 91047 Oaks, PA 19456." (Doc. 1-1). Penn Credit's name is not associated anywhere near the vicinity of the returned-mail address. (Doc. 1-1).

   Two separate envelopes accompanied the Letter that Plaintiff complains of: a mailing envelope and a return envelope. True and correct exemplars of the mailing envelope and the return envelope are attached to this correspondence as Exhibit 1 and Exhibit 2, respectively. (Exhibits 1-2). The Letter explicitly references the return envelope: "Send payment using the enclosed envelope . . . ." (Doc. 1-1). The mailing envelope contains two glassine windows on the left-hand side. (Exhibit 1 at p. 1). When the Letter is folded business style and placed in the mailing

The Honorable Kenneth M. Karas
June 2, 2020
Page 2

envelope, Plaintiff's name and address is displayed along with the returned-mail address. (Exhibit 1 at p. 2). The return envelope contains one glassine window on the right-hand side. (Exhibit 2 at p. 1). When the detachable payment slip is placed in the return envelope, Penn Credit's name and address is displayed. (Exhibit 2 at p. 2). This Court may consider these envelopes at the Rule 12(b)(6) stage of proceedings as they are integral to the Complaint. *See Weiss v. Village of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. Jan. 24, 2011).

In her Complaint, Plaintiff alleges the Letter violates Sections 1692g, 1692e, and 1692e(10) of the FDCPA. (Doc. 1 at ¶¶ 35-111). The gravamen of Plaintiff's Complaint centers on the Letter's multiple addresses. (Doc. 1 at ¶¶ 35-111). Specifically, Plaintiff claims that the Letter violates the FDCPA because its multiple addresses would allegedly confuse the least sophisticated consumer and leave her uncertain as to where to send a written debt dispute. (Doc. 1 at ¶¶ 47-54). Plaintiff further claims the Letter discourages the least sophisticated consumer from exercising her statutory dispute and validation rights. (Doc. 1 at ¶ 56). Plaintiff also claims that the least sophisticated consumer would be confused as to where to mail a request for the name of the original creditor. (Doc. 1 at ¶ 58). Further, Plaintiff claims that the Letter's multiple addresses overshadow her validation rights under Section 1692g of the FDCPA. (Doc. 1 at ¶ 66). Plaintiff also claims the Letter fails to indicate which address the consumer should use in order to submit her payment in violation of Sections 1692e and 1692e(10) of the FDCPA. (Doc. 1 at ¶¶ 90-111). Plaintiff also alleges the Letter violates the FDCPA because the least sophisticated consumer would be unsure of which address to use to accept the settlement offer. (Doc. 1 at ¶¶ 100, 104, 106). The Letter, however, contains no settlement offer. (Doc. 1-1). Lastly, upon these allegations, Plaintiff brings class-wide claims. (Doc. 1 at ¶¶ 112-118).

Plaintiff, however, cannot prevail on her claims as a matter of law. Thus, Penn Credit seeks permission to move to dismiss Plaintiff's Complaint with prejudice under Fed. R. Civ. P. 12(b)(6). Congress enacted the FDCPA "to 'eliminate *abusive* debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.'" *See Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (citing 15 U.S.C. § 1692(e)) (emphasis added). The United States Court of Appeals for the Second Circuit has adopted a "least-sophisticated consumer" standard in analyzing liability under the FDCPA. *See Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). The standard is an objective analysis that "seeks to protect 'the naive' from abusive practices while simultaneously shielding debt collectors from liability for "bizarre or idiosyncratic interpretations" of debt collection letters. *See Greco v. Trauner, Cohen, & Thomas*, *L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (citations omitted); *see Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 236 (2d Cir. 1998). Additionally, a collection letter overshadows a consumer's rights in violation of the FDCPA "if it fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *McStay*, 308 F.3d at 190 (internal quotations omitted).

The instant Letter is similar to the letter the court analyzed in *Saraci v. Convergent Outsourcing, Inc.* There, the plaintiff brought similar multiple address claims. *See Saraci v. Convergent Outsourcing, Inc.*, No. 18-cv-6505, 2019 WL 1062098, at *1 (E.D.N.Y. Mar. 6, 2019). The letter at issue contained a Renton, Washington P.O. box associated with the collection

The Honorable Kenneth M. Karas
June 2, 2020
Page 3

agency's name, and a different P.O. box address for returned-mail that was not associated with the name of the collector. *See Saraci*, No. 18-cv-6505, 2019 WL 1062098 at *1. The plaintiff argued the letter was deceptive. *Id*. The court rejected the plaintiff's argument and held that the letter "does not invite the type of confusion necessary to succeed on [an FDCPA] claim." *Id*. at *3. The court reasoned that the letter at issue invites consumers to mail their written disputes to the collector's Renton, Washington P.O. box—the address consistently associated with the collection agency's name on the collection letter. *Id*. The court held it would be an idiosyncratic reading of the collection letter to think that the unaffiliated P.O. Box address, unassociated with the collector's own name, would be the proper address to use. *Id*. Since *Saraci*, other courts in the Eastern District of New York have similarly rejected baseless multiple address claims. *See Park v. Forster & Garbus, LLP*, No. 19-cv-3621, 2019 WL 5895703, at *4 (E.D.N.Y. Nov. 12, 2019) (granting the defendant's motion to dismiss and holding that the letter at issue effectively advises the consumer as to which address to use for all correspondence and payments); *see also Gansburg v. Credit Control, LLC*, No. 18-cv-5054, 2020 WL 1862928, at *1 (E.D.N.Y. Feb. 27, 2020) (rejecting the plaintiff's multiple address claim and holding that the least sophisticated consumer would know to use the defendant-collector's PO Box address as opposed to an unaffiliated returned-mail address).

Here, the Letter cannot *reasonably* be considered misleading in violation of the FDCPA. (Doc. 1-1). The Letter states: "Send payment using the enclosed envelope . . . ." (Doc. 1-1; Exhibit 2). Further, just above the Letter's detachable payment slip appears the following text: "DETACH AND RETURN WITH PAYMENT TO EXPEDITE CREDIT TO YOUR ACCOUNT." (Doc. 1-1). One address on the slip plainly indicates Penn Credit's address, as indicated by "PENN CREDIT" and the inclusion of its P.O. Box address. (Doc. 1-1) (emphasis in original). Additionally, the other address on the payment slip unambiguously reveals itself as an unaffiliated returned-mail address, given its very placement in the top left-hand corner of the slip and because Penn Credit's name is nowhere in its vicinity. (Doc. 1-1). Moreover, when the consumer utilizes the return envelope, any purported confusion is dispelled. (Exhibit 2 at p. 2). Because it would be an idiosyncratic reading of the Letter to think that Penn Credit's address is an unaffiliated, returned-mail address, the Letter here does not cause the type of confusion necessary to warrant FDCPA liability. *See Saraci*, No. 18-cv-6505, 2019 WL 1062098, at *3.

Penn Credit anticipates Plaintiff will rely on *Musarra v. Balanced Healthcare Receivables, LLC*, No. 19-cv-5814, 2020 WL 1166449, at *4-6 (E.D.N.Y. Mar. 11, 2020) and *Zevon v. Balanced Healthcare Receivables, LLC*, No. 6-19-cv-01937, Doc. 23 (M.D. Fla. Jan. 7, 2020). The collection letter in those cases, however, is distinguishable because it contained two separate addresses associated with the defendant: a P.O. Box address and a street address. *See Musarra*, No. 19-cv-5814, 2020 WL 1166449, at *5-6. Here, the Letter does not contain this fatal error. (Doc. 1-1). Thus, Penn Credit respectfully requests a pre-motion conference regarding its anticipated Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

Respectfully,
/s/Richard J. Perr
RICHARD J. PERR

cc: All counsel of record (via ECF)

4830-0613-2925, v. 2