

100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530
T: 516-203-7600
F: 516-281-7601

June 9, 2020

*Via ECF*
Hon. Kenneth M. Karas, U.S.D.J.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
300 Quarropas Street
White Plains, New York 10601

      Re:    *Schmelczer v. Penn Credit Corporation*
           Docket No: 7:20-cv-02380-KMK

Dear Judge Karas:

We are the attorneys for Plaintiff in this matter and write in response and in opposition to Defendant's letter requesting a pre-motion conference for purposes of filing a motion to dismiss. *Dkt. No. 7.* Defendant's request should be denied insofar as the motion would necessarily fail.

This case arises under the Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*) (the "*FDCPA*"), a federal statute enacted to protect consumers from the deceptive and/or harassing actions often taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by the historically aggressive and improper methods used by independent debt collectors often employed to earn commissions on the collection of debts which the original creditor had determined to be either uncollectible or unprofitable[1]. To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection.[2]" Chief among those rights is that, within five (5) days of sending an initial collection letter, a debt collector must advise a consumer of his or her right to dispute the alleged debt and/or to seek validation thereof. *See, e.g.,* 15 U.S.C. §§ 1692g(a)(3) – (5)[3]. Critically, in order for a consumer to exercise his or her rights under 15 U.S.C. §§ 1692g(a)(4) or (5), a dispute or demand for verification must be made <u>in writing</u>. *Id.*

Plaintiff commenced this action following receipt of a letter dated June 19, 2019, through which Defendant was attempting to collect a debt allegedly owed to an entity identified as "SUEZ New York." (the "*Letter*"). *See, e.g., Dkt. No.* 1-1. In this action, it is alleged that the Letter fails to effectively communicate Plaintiff's validation rights, insofar as the Letter features multiple addresses, yet fails to specify the address to which written disputes are to be sent. Relatedly, it is alleged that the Letter does not comply with § 1692e, by failing to specify the address to which payments are to be sent.

---

[1]    See, e.g,, *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) .
[2]    *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).
[3]    Commonly referred to as the debtor's "validation rights," or, the "validation notice."



The header of the Letter sets forth information identifying the creditor, a reference number and the balance allegedly owed.  Immediately below the header, the first paragraph of the Letter advises Plaintiff that the creditor is "serious about collecting all monies owed to [it]" and expects Plaintiff to "honor [the] debt."  *Id.*  While the second paragraph of the Letter purports to contain the validation notice required by § 1692g(a), it instructs Plaintiff to send written disputes to "this office".  Unfortunately for Defendant, the Letter does not specify which of the two addresses featured therein is purportedly that of Defendant's "office."  The least sophisticated consumer could not intuit which of the two addresses is that of Defendant's "office," if either, insofar as they are both P.O. boxes.  Further, the Letter indicates that the P.O. boxes are to be used for making payment only but, similarly, fails to specify the P.O. box to which payments are to be sent.

Notwithstanding the well-pleaded allegations of the Complaint, Defendant seeks leave of this Court to file a motion to dismiss on the grounds that the Complaint purportedly fails to set forth any claims upon which relief can be granted.  Defendant is wrong and, therefore, the request for a pre-motion conference should be denied in its entirety.

As Defendant correctly notes, FDCPA claims in this Circuit are evaluated under the "least sophisticated consumer" standard (the "*LSC Standard*").  *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 90 (2d Cir. 2008).  This standard is designed to ensure that the FDCPA protects all consumers, "the gullible as well as the shrewd" (*Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)), as well as the "naive and the credulous."  *Quinteros v. MBI Associates, Inc.*, 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (citing *Id.*).

It is well-settled law that the LSC does not have "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer."  *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).  Indeed, the LSC has been described as a person of "below average sophistication or intelligence." *Hillaire v. Delta Funding Corp.*, No. 98-7188, 2002 WL 31123860, at *2 (E.D.N.Y. Sept. 26, 2002) (quoting *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002)).  The standard of care in crafting a collection letter is therefore fairly high, such that it may be clearly understood by the LSC.

In seeking leave of this Court to file a motion to dismiss, Defendant relies almost exclusively on Judge Cogan's decision in *Saraci v. Convergent Outsourcing, LLC*, 2019 WL 1062098 (E.D.N.Y. Mar. 6, 2019).  Defendant cites *Saraci* for the premise that the LSC would not be confused by the provision of multiple addresses for Defendant in a collection letter, however, Defendant's reliance on *Saraci* is misplaced.  More specifically, while the collection letter in *Saraci* was alleged to contain three different addresses, Judge Cogan observed that the only appreciable difference in the addresses listed were that two contained "PO Box 9004" in addition to the street address, but that the street address was the same in all three places.  Further, in each instance, the address was associated with the debt collector's name or logo.  On those facts, Judge Cogan was not incorrect in rejecting the contention that the LSC would be confused by the letter.



Defendant's reliance on *Park v. Forster & Garbus, LLP*, No. 19CV3621ARRST, 2019 WL 5895703 (E.D.N.Y. Nov. 12, 2019) is similarly misplaced, insofar as the Court found letter at issue in *Park* to contain additional instructions as to where any mailing should be sent, which qualifications are not present here.  The same is true of *Gansburg v. Credit Control, LLC*, No. 18-CV-5054 (FB) (ST), 2020 WL 1862928 (E.D.N.Y. Feb. 27, 2020), insofar as the Court found that one address in the letter was designated specifically for return mail only.  As with *Park,* no such qualification exists here.

In the case-at-bar, and unlike *Saraci*, the two addresses in Defendant's Letter are entirely different.  Under analogous circumstances, Judge Pollack of this Court found that a Complaint which alleges that the LSC would be confused by the provision of multiple addresses at which the debt collector may (or may not) be contacted was sufficient to state a claim upon which relief could be granted.  More specifically, in *Pinyuk v. CBE Group, Inc.*, 2019 WL 1900985 (E.D.N.Y. Apr. 29, 2019) Judge Pollack found the consumer's argument that "when [the LSC] receives a collection letter which she does not understand and the letter contains multiple addresses without clear direction as to where to mail a written request, the consumer would end up …not disputing the letter at all because she "is frightened of calling a collection agency where highly trained aggressive debt collectors answer calls," to be persuasive. *Pinyuk*, 2019 WL 1900985 at *7.

Judge Pollack's observation reflects the real-world reality of the LSC.  She may be confused as to her rights stated in a letter, but, is afraid to call the debt collector to seek clarification, for fear of being tricked or intimidated by the trained debt collector who may not otherwise answer the caller's question until the debt collector's agenda is accomplished.  That is particularly so where, as here, the Letter's aggressive tone would undeniably cause apprehension in the LSC.

As Defendant correctly anticipates, in *Musarra v. Balanced Healthcare Receivables, LLC*, No. 19CV5814ARRRML, 2020 WL 1166449 (E.D.N.Y. Mar. 11, 2020), Judge Ross found the analysis in *Pinyuk* to be persuasive because, while the letter in *Musarra* had detachable coupon—as does the Letter here—there were two addresses printed on the coupon (also as here). Under such circumstances, Judge Ross declined the debt collector's invitation to dismiss the case at the Rule 12(b) stage.  The same was true in *Zevon v. Balanced Healthcare Receivables, LLC*, No. 6-19-cv-01937, Doc. 23 (M.D. Fla. Jan. 7, 2020) (finding *Pinyuk* to be persuasive for its reasoning).  It should be further noted that *Saraci* was decided on summary judgment, rather than on a motion to dismiss.  For all these reasons, it is respectfully requested that Defendant's request for a pre-motion conference be denied.

Thank you.

> Respectfully submitted,
> /s *Jonathan M. Cader*
> Jonathan M. Cader