IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| Naftali Schmelczer, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | NO. 7:20-cv-02380-KMK |
| Penn Credit Corporation, | : : | |
| Defendant. | : : : | |

**DEFENDANT PENN CREDIT CORPORATION'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT
UNDER FED. R. CIV. P. 12(b)(6)**

Defendant, Penn Credit Corporation ("Defendant" or "Penn Credit"), moves to dismiss

Plaintiff Menachem Adler's ("Plaintiff") Complaint under Fed. R. Civ. P. 12(b)(6) because

Plaintiff alleges harms under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

("FDCPA"), which the statute was never meant to prohibit. (Docs. 13-14). Penn Credit now files

this Reply in support of its Motion to Dismiss.

1

**TABLE OF CONTENTS**

I.    PLAINTIFF'S OPPOSITION ........................................................................................ 4

II.   ARGUMENT ............................................................................................................. 5

    A.   The Court May Consider the Envelopes that Attended the Complained-of Letter Because They are Referenced in Plaintiff's Complaint............................................................. 5

    B.   Thomas Perrotta has Personal Knowledge of Penn Credit's Mailing Practices. ................ 5

    C.   The Letter Unmistakably Reveals the Proper Address for the Consumer to Use. Plaintiff's Allegations Constitute Fantasy Harms the FDCPA was Never Meant to Prohibit..................... 7

III.  CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Adler v. Penn Credit Corporation*, No. 19-cv-7084, 2020 WL 4474624 (S.D.N.Y. Aug. 3, 2020) ............................................................................................................................................ 7

*Atl. Specialty Ins. Co. v. Coastal Envtl. Grp.*, 368 F. Supp. 3d 429 (E.D.N.Y. Sept. 30, 2018) .... 6

*Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919 (2d Cir. 1985) ....... 7

*Campagna v. Client Servs.*, No. 18-cv-3039, 2019 U.S. Dist. LEXIS 208164 (E.D.N.Y. Dec. 3, 2019) ............................................................................................................................................ 9

*Dillard v. FBCS, Inc.*, No. 1:19-cv-00968 (E.D.N.Y. Aug. 24, 2020) ................................... 7, 8, 9

*Gregory v. Daly*, 243 F.3d 687 (2d Cir. 2001) .................................................................................. 5

*In re Columbia Sec. Litig.*, 155 F.R.D. 466 (S.D.N.Y. May 9, 1994) ........................................... 6

*Musarra v. Balanced Healthcare Receivables, LLC*, No. 19-cv-5814, 2020 WL 1166449 (E.D.N.Y. Mar. 11, 2020) ............................................................................................................ 7

*Park v. Forster & Garbus, LLP*, No. 19-cv-3621, 2019 U.S. Dist. LEXIS 196003, at *11-12 (E.D.N.Y. Nov. 12, 2019) ............................................................................................................ 9

*Pinyuk v. Cbe Grp.*, No. 17-cv-5753, 2019 U.S. Dist. LEXIS 71899 (E.D.N.Y. Apr. 29, 2019) .. 7

*Schnall v. Marine Midland Bank*, 225 F.3d 263 (2d Cir. 2000) ..................................................... 5

*Smart v. Goord*, 441 F. Supp. 2d 631 (S.D.N.Y. July 27, 2006) ..................................................... 5

*Taylor v. American Coradius International, LLC*, No. 19-cv-4890, 2020 WL 4504657 (E.D.N.Y. Aug. 5, 2020) ............................................................................................................... 4, 7, 8

*United States v. Jakobetz*, 955 F.2d 786 (2d Cir. 1992) ................................................................. 6

*Yvonne Dillard v. FBCS, Inc.*, No. 1:19-cv-00968 (E.D.N.Y. Aug. 24, 2020) ............................. 4

**Rules**

Fed. R. Civ. P. 12(b)(6)………………………………………………………………………….4, 10

Fed. R. Evid. 803(6) ........................................................................................................................ 6, 7

## I.      PLAINTIFF'S OPPOSITION

This Court should grant Penn Credit's Motion to Dismiss because all of Plaintiff's FDCPA claims fail as a matter of law. In her Opposition to Penn Credit's Motion to Dismiss, Plaintiff argues this Court cannot consider the Perrotta Affidavit because it seeks to elicit testimony on behalf of a third party. (Doc. 25 at pp. 11-14). Plaintiff also argues the *Saraci* and *Park* opinions are inapplicable to this case, and that this case is closer to *Pinyuk*, *Musarra*, and *Adler*. (Doc. 15 at pp. 16-18).

Federal courts hearing similar multiple address claims, however, have dispensed with these claims when the collector-defendant's name appears just above its address. *Taylor v. American Coradius International, LLC*, No. 19-cv-4890, 2020 WL 4504657, at \*4 (E.D.N.Y. Aug. 5, 2020) (dismissing a plaintiff's complaint over multiple address claims when the defendant's name consistently appeared just above the proper address for the consumer to use); *c.f. Adler v. Penn Credit Corporation*, No. 19-cv-7084, 2020 WL 4474624, at \*4 (S.D.N.Y. Aug. 3, 2020) (denying defendant's motion to dismiss and holding that the collector's Harrisburg, PA address was not specifically denoted as the correct address).

Because Congress enacted the FDCPA to stop *abusive* and *deceptive* collection practices, and not to spur litigation over lawyers' quirky interpretations of collection letters, the Court should grant Penn Credit's Motion to Dismiss. *See Yvonne Dillard v. FBCS, Inc.*, No. 1:19-cv-00968, Doc. 23 at p. 11 of 17 (E.D.N.Y. Aug. 24, 2020) (emphasis added).\[1]

---

[1]/ A true and correct copy of the court's opinion in *Dillard v. FBCS, Inc.* is attached to this Reply as Exhibit 1.

## II.  ARGUMENT

### A.  The Court May Consider the Envelopes that Attended the Complained-of Letter Because They are Referenced in Plaintiff's Complaint.

The gravamen of Plaintiff's Complaint concerns a June 19, 2019 letter ("the Letter"). (Doc. 1 at ¶ 27; Doc. 1-1). The Letter specifically states, in the first paragraph, "Send payment using the **<u>enclosed envelope</u>** or you may go online to . . . ." (Doc. 1-1) (emphasis added). Because Plaintiff's Complaint references the Letter, and the Letter explicitly references the envelope—then by logical extension—Plaintiff's Complaint references the envelopes. (Doc. 1 at ¶ 27; Doc. 1-1).

This Court should consider the envelopes at the Rule 12(b)(6) stage of proceedings as they are, therefore, integral to the Complaint. *See Smart v. Goord*, 441 F. Supp. 2d 631, 637 (S.D.N.Y. July 27, 2006) (holding that the court may consider outside documents at the motion to dismiss stage so long as the pleader has notice of them or refers to them); *see also Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (considering a plaintiff's affidavit at the Rule 12(b)(6) stage that was submitted to the Equal Employment Opportunity Commission but not attached to the plaintiff's complaint); *see also Schnall v. Marine Midland Bank*, 225 F.3d 263, 266 (2d Cir. 2000) (considering a plaintiff's cardholder agreement, account history, and monthly statements, even when left unattached to the plaintiff's complaint, because such documents were integral to the plaintiff's claims and plaintiff had notice of them). (Docs. 14-4; 14-5).

For the reasons expressed below, Penn Credit respectfully requests the Court grant its Motion to Dismiss.

### B.  Thomas Perrotta has Personal Knowledge of Penn Credit's Mailing Practices.

In her Opposition, Plaintiff claims that Thomas Perrotta, Penn Credit's Compliance Manager and custodian of record, offers testimony on behalf of a third party. (Doc. 15 at p. 14).

5

Plaintiff also claims the Perrotta Affidavit constitutes inadmissible hearsay. (Doc. 15 at pp. 14-15). Plaintiff's contentions are without merit. Mr. Perrotta offers testimony, based on his personal knowledge, on behalf of Penn Credit and its mailing practices. (Doc. 14-1). Mr. Perrotta possess personal knowledge of Penn Credit's mailing practices because he serves as Penn Credit's Compliance Manager and has worked for Penn Credit for eleven (11) years. (Doc. 14-1 at ¶ 3). Mr. Perrotta's Affidavit is offered solely for the limited purpose of authenticating the envelopes that attended the Letter Plaintiff complains of in her Complaint. (Doc. 14-1; Doc. 1 at ¶ 27; Doc. 1-1).

"Third-party records may be admitted under the business records exception, *see* FRE 803(6), where those records have been integrated into another business entity's records and relied on by the business entity." *Atl. Specialty Ins. Co. v. Coastal Envtl. Grp.*, 368 F. Supp. 3d 429, 451 n.7 (E.D.N.Y. Sept. 30, 2018) (citing *United States v. Jakobetz*, 955 F.2d 786, 801 (2d Cir. 1992)). Revspring, Penn Credit's letter vendor, sends letters on behalf of Penn Credit. (Doc. 14-1 at ¶ 9). Revspring's own business records in the form of the Letter and the envelopes, therefore, have become Penn Credit's own business records. *See Atl. Specialty Ins. Co.*, 368 F. Supp. 3d at 451 n.7; *see also United States*, 955 F.2d at 801.

Also, the Perrotta Affidavit is not hearsay because Penn Credit does not offer it for the truth of the matter asserted. (Doc. 14-1). Penn Credit does not offer the Perrotta Affidavit to show Plaintiff had the envelopes, or whether the Letter is misleading (as Plaintiff claims), but instead, only to authenticate the envelopes. (Doc. 14-1). To the extent this Court considers the Perrotta Affidavit as hearsay, this Court may still consider it because Penn Credit will be able to establish—through witness testimony—that the contents of the Affidavit and Exhibits are admissible at trial under the business records exception of Fed. R. Evid. 803(6). *See In re Columbia Sec. Litig.*, 155

6

F.R.D. 466, 474 (S.D.N.Y. May 9, 1994) (noting that a district court may consider hearsay on a dispositive motion so long as the proponent can prove its admissibility at trial); *see also Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 924 (2d Cir. 1985).

Because Thomas Perrotta has personal knowledge of Penn Credit's mailing practices and because the envelopes are admissible under the business records exception of Fed. R. Evid. 803(6), this Court may consider the Perrotta Affidavit in deciding this Motion to Dismiss. (Doc. 14-1).

### C. The Letter Unmistakably Reveals the Proper Address for the Consumer to Use. Plaintiff's Allegations Constitute Fantasy Harms the FDCPA was Never Meant to Prohibit.

Plaintiff primarily relies on *Pinyuk v. Cbe Grp.*, No. 17-cv-5753, 2019 WL 1900985 (E.D.N.Y. Apr. 29, 2019), *Musarra v. Balanced Healthcare Receivables, LLC*, No. 19-cv-5814, 2020 WL 1166449 (E.D.N.Y. Mar. 11, 2020), and Your Honor's opinion in *Adler v. Penn Credit Corporation*, No. 19-cv-7084, 2020 WL 4474624 (S.D.N.Y. Aug. 3, 2020) in support of her claims. (Doc. 15 at pp. 15-19). *Pinyuk, Musarra,* and *Adler*, however, should not control because other federal courts hearing this issue have held that, when an address appears directly below the defendant's name, the least sophisticated consumer could not be confused as to which address to use. *See Dillard v. FBCS, Inc.*, No. 1:19-cv-00968, Doc. 23 at p. 9 (E.D.N.Y. Aug. 24, 2020) (dismissing the plaintiff's complaint and noting the "address appears directly below Defendant's name[.]")\[2]; *see also Taylor v. American Coradius International, LLC*, No. 19-cv-4890, 2020 WL 4504657, at *4 (E.D.N.Y. Aug. 5, 2020) (dismissing a plaintiff's complaint over multiple address claims when the defendant's name consistently appeared just above the proper address for the consumer to use).

---

[2] *See* Exhibit 1 at p. 9.

Indeed, the opinion in *Taylor* is instructive. There, the letter contained three addresses: one for the plaintiff; a return mail address in Texas; and the proper address for the defendant in New York. *Taylor*, No. 19-cv-4890, 2020 WL 4504657, at *4. The court granted the defendant's motion to dismiss and held that no confusion could ensue as to the letter's multiple addresses. *Id*. The court reasoned that the Texas return mail address was situated "where return addresses commonly appear[,]" and noted, "[t]here is nothing to associate this address with notice for disputes or, indeed, anything tying that address to [the defendant] at all." *Id*.

Just as in *Taylor*, here, the Letter contains three addresses: Plaintiff's address; an unaffiliated address for return mail; and Penn Credit's P.O. Box address. (Doc. 1-1). Also similar to *Taylor*, there is nothing to associate the unaffiliated return mail address with Penn Credit. (Doc. 1-1). Indeed, Penn Credit's name does not appear above the return mail address, only "Department 91047." (Doc. 1-1).

```
P.O Box 1259, Department 91047
Oaks, PA 19456
```

(Doc. 1-1). In viewing the Letter, the least sophisticated consumer could not *reasonably* be confused as to which address to use:

```
PENN CREDIT
PO Box 69703
Harrisburg, PA 17106-9703
```

(Doc. 1-1). This Harrisburg, PA P.O. Box address is emphasized as it is placed just below Penn Credit's very own name. (Doc. 1-1). "[I]t 'would be an idiosyncratic reading of the collection letter to think that the [unaffiliated] P.O. Box listed . . . could be the correct "office" address rather than [Penn Credit's] address, which consistently appears under the name of Defendant's company.'"

*See Dillard v. FBCS, Inc.*, No. 1:19-cv-00968, Doc. 23 at p. 9 (quoting *Saraci v. Convergent Outsourcing, Inc.*, No. 18-cv-6505, 2019 WL 1062098, at *3 (E.D.N.Y. Mar. 6, 2019)).

Because Penn Credit's name physically appears just above one address on the payment slip, this reveals that this address is the proper address for payments and communications. In this vein, the Letter is more closely akin to the letters in *Saraci*, *Park*, and *Dillard*. *See Saraci*, No. 18-cv-6505, 2019 U.S. Dist. LEXIS 36228, at *7 (holding that the letter at issue invites consumers to mail their written disputes to the address consistently associated with the collection agency's name on the collection letter); *see also Park v. Forster & Garbus, LLP*, No. 19-cv-3621, 2019 U.S. Dist. LEXIS 196003, at *11-12 (E.D.N.Y. Nov. 12, 2019) (holding that the letter at issue invites the consumer to use the collector's proper P.O. Box found on the letter's detachable payment slip); *Dillard v. FBCS, Inc.*, No. 1:19-cv-00968, Doc. 23 at p. 9 (E.D.N.Y. Aug. 24, 2020) (holding "[e]ven the least sophisticated consumer should be able to deduce that Defendant's address is the address that appears below Defendant's name . . . ."). Because the Letter is not confusing or misleading as a matter of law, Penn Credit respectfully requests that this Court grant its Motion to Dismiss. (Docs. 13-14).

The Court should reject Plaintiff's attempts at creating FDCPA liability for this innocuous Letter, as this Letter is not the kind of harsh, deceptive, or abusive practice the FDCPA serves to weed out. *Campagna v. Client Servs.*, No. 18-cv-3039, 2019 U.S. Dist. LEXIS 208164, at *17-18 n.6 (E.D.N.Y. Dec. 3, 2019) (noting "[t]he Court is hard-pressed not to question whether this nuanced . . . claim, the only cause of action raised, is being pursued in the hopes of finding a new avenue to FDCPA violations . . . ."). The *true* purpose of the FDCPA is to prohibit nefarious debt collection conduct. *See Campagna*, No. 18-cv-3039, 2019 U.S. Dist. LEXIS 208164, at *17-18 n.6 (observing "[s]adly, abuse of the statute . . . is fairly widespread. . . . [T]he 'open to more than

9

one reasonable interpretation[] [standard] . . . has turned FDCPA litigation into a glorified game of 'gotcha,' with a cottage industry of plaintiffs' lawyers filing suites over fantasy harms the statute was never intended to prevent.") (internal citations omitted) (emphasis added). Because the Letter fully complies with the FDCPA, Penn Credit respectfully requests that the Court grant its Motion to Dismiss.

### III.     CONCLUSION

For all of the above reasons, Penn Credit respectfully requests that the Court grant its Motion to Dismiss for failure to state a claim upon which relief can be granted, and dismiss Plaintiff's Complaint with prejudice under Fed. R. Civ. P. 12(b)(6).

KAUFMAN DOLOWICH & VOLUCK, LLP

By:        /S/ Richard J. Perr
RICHARD J. PERR, ESQUIRE
Four Penn Center
1600 JFK Boulevard, Suite 1030
Philadelphia, PA  19103
(v) 215.501.7002; (f) 215.405.2973
rperr@kdvlaw.com
Attorneys for Defendant Penn Credit Corporation

Dated: August 28, 2020

10

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on this date I caused to be served a

true and correct copy of the foregoing via ECF on the following:

Craig B. Sanders, Esquire
David M. Barshay, Esquire
Jonathan Mark Cader, Esq.
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
csanders@barshaysanders.com
dbarshay@barshaysanders.com
jcader@barshaysanders.com
Attorneys for Plaintiff

/s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE

Dated: August 28, 2020

4827-9041-0441, v. 4

11