UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEFTALI SCHMELCZER, *individually and on behalf of all others similarly situated*,

                                    Plaintiff,

                    v.

PENN CREDIT CORPORATION,

                                    Defendant.

No. 20-CV-2380 (KMK)

OPINION & ORDER

Appearances:

Jonathan Mark Cader, Esq.
Craig B. Sanders, Esq.
Barshay Sanders, PLLC
Garden City, NY
*Counsel for Plaintiff*

Richard Jay Perr, Esq.
Kaufman Dolowich & Voluck, LLP
Philadelphia, PA
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

        Plaintiff Neftali Schmelczer ("Plaintiff") brings this putative Class Action against Penn

Credit Corporation ("Defendant"), alleging that Defendant engaged in unlawful credit and

collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§ 1692 *et seq*.  (Compl. (Dkt. No. 1).)  Before the Court is Defendant's Motion To Dismiss (the

"Motion").  (Not. of Mot. (Dkt. No. 13).)  For the following reasons, Defendant's Motion is

denied.

I.  Background

A.  Factual Background

The following facts are drawn from Plaintiff's Complaint and the documents attached to it and are taken as true for the purpose of resolving the instant Motion.

Plaintiff alleges that he is a citizen of the State of New York and a "consumer," as defined by 15 U.S.C. § 1692a(3).  (Compl. ¶¶ 5, 7.)  Plaintiff also alleges that Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6), with its principal place of business in Dauphin County, Pennsylvania.  (*Id.* at ¶¶ 8, 13.)  The principal purpose of Defendant's business is to "regularly collect[] or attempt[] to collect debts" including those allegedly owed by consumers.  (*Id.* at ¶¶ 9–11.)

Defendant has claimed that Plaintiff owes a debt arising out of a "delinquent utility bill." (*Id.* at ¶ 21; Compl. Ex. 1 ("Payment Letter") (Dkt. No. 1-1).)  Once this debt was in default, it was "assigned or otherwise transferred" to Defendant for collection at a time unknown to Plaintiff.  (Compl. ¶¶ 25–26.)  Thereafter, Defendant sent Plaintiff a letter dated June 19, 2019 requesting payment of the debt (the "Payment Letter" or the "Letter").  (*Id.* at ¶ 27; Payment Letter.)  The Payment Letter includes Defendant's name, hours of operation, and phone number on the top left corner.  (*See* Payment Letter.)  The Letter reads

> Our client has referred your delinquent account(s) referenced below for collection. Our client is serious about collecting all monies owed them and I am sure your intentions are to honor your debt.  Send payment using the enclosed envelope or you may go online to http://account.penncredit.com to make payment or contact our office to pay over the phone.  Contact our office if you are unable to pay the amount due.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a

copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.  The important rights included above apply to each account individually and you have the right to dispute any or all of the accounts included in this notice.  In the event you choose to exercise your important rights included above please indicate which account(s) you are disputing.

(*Id.*)  The Payment Letter notes that Plaintiff owed $1,448.28 for a "delinquent utility bill" with a "service date" of May 17, 2019.  (*Id.*)  The Payment Letter also directs the recipient to the "reverse side for important information concerning [his] rights."  (*Id.*)  This side of the Letter is not included with the Complaint.  (*See generally* Compl.)

The bottom portion of the Payment Letter is a detachable coupon (the "Coupon") that states in capitalized font, "Detach and return with payment to expedite credit to your account."  (Payment Letter.)  The following address is listed on the left side of the Coupon: P.O. Box 1259, Department 91047, Oaks, PA 19456 (the "Oaks Address").  (*Id.*; Compl. ¶ 48.)  To the right of this address is a blank area for credit card information, and a directive that reads, "Visit http://account.penncredit.com to pay your bill online." (Payment Letter.)  Below this information, the Coupon explains procedures related to payments by check, and under this statement, Plaintiff's address appears on the left, and the following address appears on the right, under an "ID Number," the date of the letter, and the label "PENN CREDIT": P[.]O[.] Box 69703, Harrisburg, PA 17106-9703 (the "Harrisburg Address").  (*Id.*; Compl. ¶ 49.)  According to Plaintiff, because the Payment Letter did not specify which of these two addresses should be used, the "least sophisticated consumer" could be uncertain and confused about which address to use and, as a result, unlikely to dispute the debt or request the name of the original creditor in

writing.  (Compl. ¶¶ 51–63.)  As a result, Plaintiff alleges that the Payment Letter violates

the FDCPA—specifically, 15 U.S.C. § 1692g(b)—because it overshadows and is

inconsistent with the disclosure of his rights to dispute the debt, verify the debt, and

request the name of the original creditor.  (Compl. ¶¶ 66–71.)  Further, because the

Payment Letter "is open to more than one reasonable interpretation by the least

sophisticated consumer," Plaintiff alleges that it violates the FDCPA—specifically, 15

U.S.C. §§ 1692e and 1692e(10).  (*Id.* at ¶ 107; *see also id.* at ¶¶ 82, 108.)

Plaintiff seeks certification of the Action as a class action, appointment of

Plaintiff as Class Representative, and appointment of Plaintiff's attorneys as Class

Counsel, as well as a finding that Defendant has violated the FDCPA, damages,

attorneys' fees, costs, and "other relief that the Court determines is just and proper."  (*Id.*

at 11–12.)[1]

B.  Procedural Background

Plaintiff's Complaint is dated March 16, 2020, and it was filed on March 18, 2020.  (Dkt.

No. 1.)  On June 2, 2020, Defendant submitted a Pre-Motion Letter, seeking to file a motion to

dismiss.  (Dkt. No. 7.)  Plaintiff replied on June 9, 2020.  (Dkt. No. 9.)  The Court held a Pre-

Motion Conference on July 16, 2020.  (Dkt. (minute entry for July 16, 2020).)  Pursuant to a

briefing schedule set by the Court at the Pre-Motion Conference, (*id.*; Dkt. No. 12), Defendant

filed the instant Motion on July 31, 2020, (Not. of Mot.; Def.'s Mem. of Law in Supp. of Mot.

("Def.'s Mem.") (Dkt. No. 14); Aff. of Thomas Perrotta (Dkt. No. 14-1).)  On August 21, 2020,

---

[1] Plaintiff represents that the class would consist of "[a]ll consumers to whom Defendant sent a collection letter substantially and materially similar to the [Payment] Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this [A]ction to the present."  (Compl. ¶ 113.)

Plaintiff filed a Response.  (Mem. of Law in Opp'n to Mot. ("Pl.'s Mem.") (Dkt. No. 15).)  On August 28, 2020, Defendant filed its Reply.  (Def.'s Reply in Supp. of Mot. ("Def.'s Reply") (Dkt. No. 16).)

## II.  Discussion

Defendant argues that Plaintiff has failed to state a claim under the FDCPA because "the mere inclusion of multiple addresses in [the Payment Letter], without more, does not rise to the level of an actionable claim under the FDCPA."  (Def.'s Mem. 10.)  In support of its Motion Defendant submits an Affidavit from Thomas Perrotta, Compliance Manager for Defendant, and several envelopes that accompanied the Payment Letter as exhibits, arguing that these envelopes may properly be considered with the Motion because they are "documents referenced in the pleadings" and, because Plaintiff "undisputedly had notice of both envelopes," they are "integral to Plaintiff's Complaint."  (*Id.* at 8.)[2]

### A.  Standard of Review

The Supreme Court has held that although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration and quotation marks omitted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "Nor does a complaint suffice if it

_____

[2] Plaintiff argues that the Court should not consider the Affidavit or the envelope exhibits with this Motion, as they were not included with the Complaint and are inadmissible hearsay. (Pl.'s Mem. 11–15.)  Because the envelopes are not dispositive to this Motion, the Court does not address whether they may be considered in deciding the Motion.  *See Adler v. Penn Credit Corp.*, No. 19-CV-7084, 2020 WL 4474624, at *2 n.2 (S.D.N.Y. Aug. 3, 2020).

tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)).

B.  FDCPA

"The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors, to [e]nsure that those debt collectors who refrain from using abusive debt collection

6

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting 15 U.S.C. § 1692(e)). "The FDCPA establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights." *Id.* (quotation marks omitted); *see also Plummer v. Atl. Credit & Fin., Inc.*, 66 F. Supp. 3d 484, 487 (S.D.N.Y. 2014) (same). "Debt collectors that violate the FDCPA are strictly liable, meaning that a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (quotation marks omitted). Moreover, a single violation is sufficient to subject a debt collector to liability under the statute. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 133 (2d Cir. 2010) (noting that "a single violation of the FDCPA is sufficient to impose liability").

"The FDCPA creates a general prohibition against the use of 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003) (quoting 15 U.S.C. § 1692e). "Section 1692e contains a non-exhaustive list of practices within the purview of this prohibition . . . ." *Id.* Relevant here is § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). "A plaintiff may state a claim for an FDCPA violation by alleging that a defendant made a representation that was false or deceptive or misleading." *Russo v. United Recovery Sys., LP*, No. 14-CV-851, 2014 WL 7140498, at *4 (E.D.N.Y. Dec. 12, 2014) (emphases, alteration, and quotation marks omitted); *see also Sutton v. Fin. Recovery Servs., Inc.*, 121 F. Supp. 3d 309, 313 (E.D.N.Y.

2015) ("A collection letter will be considered deceptive when it could mislead a putative-debtor as to the nature and legal status of the underlying debt, or when it could impede a consumer's ability to respond to or dispute collection." (alteration and quotation marks omitted)); *cf. Russell v. Equifax A.R.S.*, 74 F.3d 30, 34–35 (2d Cir. 1996) (finding a violation of § 1692e(10) where a consumer could have read a collection letter to allow her either 30 days or 10 days to dispute her claim).

The FDCPA also requires that, when a debt collector solicits a payment, it must "provide the consumer with a detailed validation notice." *Russell*, 74 F.3d at 34. This notice must include "a statement that the debt's validity will be assumed unless disputed by the consumer within 30 days, and an offer to verify the debt and provide the name and address of the original creditor, if the consumer so requests." *Id.* (citing 15 U.S.C. § 1692g(a)). "Collection activities and communications by the debt collector during the validation period must not . . . overshadow or be inconsistent with the disclosures the Act requires be provided in the validation notice." *Ellis*, 591 F.3d at 132 (citing 15 U.S.C. § 1692g(b)).

Courts "apply an objective test based on the understanding of the 'least sophisticated consumer' in determining whether a collection letter violates [§] 1692e." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993); *see also Easterling*, 692 F.3d at 233 ("Whether a collection letter is false, deceptive, or misleading under the FDCPA is determined from the perspective of the objective least sophisticated consumer." (quotation marks omitted)). Similarly, under § 1692g(b), "[w]hether collection activities or communications within the validation period overshadow or are inconsistent with a validation notice is determined under the 'least sophisticated consumer' standard." *Ellis*, 591 F.3d at 135. "Under this standard, collection notices can be deceptive if they are open to more than one reasonable interpretation, at

least one of which is inaccurate." *Easterling*, 692 F.3d at 233 (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). However, "in crafting a norm that protects the naïve and the credulous the courts have carefully preserved the concept of reasonableness." *Id.*

> To prevail on a claim under the FDCPA, a plaintiff must meet three requirements:

> (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements.

*Okyere v. Palisades Collection*, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013). Here, Plaintiff alleges that he is a "consumer," as defined by 15 U.S.C. § 1692a(3), and that Defendant is a "debt collector," as defined by 15 U.S.C. § 1692a(6). (Compl. ¶¶ 7, 13.) Defendant does not dispute either of these allegations. (*See generally* Def.'s Mem.) Thus, the third requirement, that Defendant "has engaged in an[] act or omission in violation of FDCPA requirements," *Okyere*, 961 F. Supp. 2d at 529, is the one at issue for the purposes of this Motion.

Plaintiff argues that the Payment Letter is defective because it contains multiple addresses and does not specify which address to use to dispute the debt or send payment. (Pl.'s Mem. 1, 15–19.) According to Plaintiff, the Letter violates 15 U.S.C. § 1692e(10) because it is "open to more than one reasonable interpretation . . . [and] reasonably susceptible to an inaccurate reading by the least sophisticated consumer." (Compl. ¶¶ 107–08; *see also id.* at ¶ 75 (citing *Clomon*, 988 F.2d at 1319); and *id.* at ¶ 76 (citing *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)).) Plaintiff also alleges that the Letter violates 15 U.S.C. § 1692g(b) because it overshadows and is inconsistent with Defendant's disclosure of Plaintiff's right to dispute the debt, verify the debt, and request the name and address of the original creditor. (*Id.* at ¶¶ 66–71.) As described above, the Coupon, which the Letter instructs should be "detach[ed] and return[ed] with payment to expedite credit to [Plaintiff's] account," includes

9

three different addresses, one of which is Plaintiff's.  (*See* Payment Letter.)  The Oaks Address is on the top left corner of the Coupon, and the Harrisburg Address is on the bottom right.  (*Id.*) Both the Oaks and Harrisburg Addresses are P.O. boxes, and neither is highlighted or specifically denoted as the correct address.  (*Id.*)  The Payment Letter does not provide further instruction on which address to use.  (*Id.*)  Instead it generally directs the recipient to "send payment in full in the enclosed envelope" and to "notify this office" in order to exercise various rights.  (*Id.*)

Plaintiff argues, and the Court agrees, that the case closest to the instant Action is this Court's 2020 Opinion in *Adler*.  (Pl.'s Mem. 1, 18–19.)  There, the Court considered a motion to dismiss in "a case involving this Defendant and a nearly identical" payment letter and alleged FDCPA violation.  (*Id.* at 18 (emphasis omitted).)  *See generally Adler*, 2020 WL 4474624. After reviewing much of the case law cited by Defendant, the Court concluded "that [the p]laintiff ha[d] stated a plausible claim under the FDCPA and that it c[ould ]not dismiss the [c]omplaint."  *Adler*, 2020 WL 4474624, at \*6.  For the following four reasons, the Court follows its holding in *Adler* and denies Defendant's Motion.

First, the Payment Letter is nearly identical to the letter considered in *Adler* (the "Adler Letter").  The three addresses on the Coupon are identically labeled and located.  (*See* Payment Letter; Dkt 1-1 (19-CV-7084 Dkt.) ("Adler Letter").)  Naturally, the addresses belonging to the plaintiffs are different.  (*Compare* Payment Letter *with* Adler Letter.)  However, the only difference between the remaining two addresses is immaterial: one of the P.O. Box addresses in *Adler* also includes a street address.  (*Compare* Payment Letter *with* Adler Letter.)  While the Payment Letter is longer than the letter in *Adler*, the added text does not clarify or provide any more information about where to send payment, dispute the debt, or ask about the original

creditor.  (*Compare* Payment Letter *with* Adler Letter.)  Tellingly, Defendant's Reply makes no effort to distinguish *Adler*, which was decided three days after Defendant submitted its Motion. (*See generally* Def.'s Reply.)[3]

Second, the Court's analysis of the case law discussed in *Adler* is unchanged.  For instance, the Court concluded that *Musarra*, where the court denied a comparable motion to dismiss, was "instructive."  *Adler*, 2020 WL 4474624, at *4; *see also Musarra v. Balanced Healthcare Receivables, LLC*, No. 19-CV-5814, 2020 WL 1166449 (E.D.N.Y. Mar. 11, 2020). In *Musarra*, similar to the letter in *Adler* and the Payment Letter, "[t]he coupon included two P.O. box addresses, along with the consumer's address, all in similar positions to the addresses [in *Adler*,] . . . one of the addresses included the defendant's name over it, while the other did not[,] . . . [and] the letter did not emphasize any address."  *Id.* (alteration and quotation marks omitted) (citing *Musarra*, 2020 WL 1166449, at *4–5).  (*See also* Def.'s Mem. Ex. 9 (Dkt. No. 14-10).)  While the letter in *Musarra* included a "third unlabeled address," the Court in *Adler* found that this "was not the sole reason for [the] decision in *Musarra*," and held that a coupon "crowded with three addresses, one of which is [the p]laintiff's, [combined with] lack of direction on which address to use, could plausibly invite confusion."  *Adler*, 2020 WL 4474624, at *5 (quotation marks omitted) (citing *Musarra*, 2020 WL 1166449, at *6).

The Court also cited *Pinyuk*, where, similarly, "a detachable coupon included two P.O. box addresses and did not clarify to which address the coupon should be sent."  *Id.* at *4 (citing *Pinyuk v. CBE Grp., Inc.*, No. 17-CV-5753, 2019 WL 1900985, at *7 (E.D.N.Y. Apr. 29, 2019)). (*See also* Def.'s Mem. Ex. 7 (Dkt. No. 14-8).)  While the plaintiff in *Pinyuk* "alleged that she

---

[3] Indeed, in a typographical error that speaks to the similarity of the two cases, Defendant on the first page of its Reply refers to Plaintiff using the name of the plaintiff in *Adler*.  (Def.'s Reply 1.)

was actually confused," the Court in *Adler* held that "[the p]laintiff need not make such an allegation to state a claim under the FDCPA[, but that] it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Adler*, 2020 WL 4474624, at *5 (citing *Pinyuk*, 2019 WL 1900985, at *7) (citing *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008)). (*See* Def.'s Mem. 18.)

By contrast, the Court distinguished *Adler* from both *Park* and *Saraci*. *See Park v. Forster & Garbus, LLP*, No. 19-CV-3621, 2019 WL 5895703 (E.D.N.Y. Nov. 12, 2019); *Saraci v. Convergent Outsourcing, Inc.*, No. 18-CV-6505, 2019 WL 1062098 (E.D.N.Y. Mar. 6, 2019). "In *Park*, the detachable coupon included only two addresses, one of which belonged to the consumer, . . . the coupon specifically directed the plaintiff to 'return [it] with payment to [the P.O. box address],' and a 'prominent arrow' on the coupon pointed to the same address 'for extra emphasis.'" *Adler*, 2020 WL 4474624, at *5 (citing *Park*, 2019 WL 5895703, at *1, *4). (*See also* Def.'s Mem. Ex. 6 (Dkt. No. 14-7).) Here, unlike *Park* and consistent with *Adler*, the addresses are "in close proximity," there are no instructions, and the Harrisburg Address is not emphasized. *See Adler*, 2020 WL 4474624, at *5. Further, "in *Saraci* . . . the letter at issue included only one address on the detachable coupon" and that address was "listed three times under the defendant's name." *Id*. (alteration and quotation marks omitted) (citing *Saraci*, 2019 WL 1062098, at *2–3). (*See also* Def.'s Mem. Ex. 5 (Dkt. No. 14-6).) Here, as in *Adler*, there are multiple addresses on the Coupon, and the Harrisburg Address is not listed three times under Defendant's name. *See Adler*, 2020 WL 4474624, at *5.

Third, case law not considered in *Adler* but cited by Defendant is consistent with this holding. Two separate courts, like *Saraci*, have held that a letter containing the defendant's address three times, each time below the defendant's name, could not support an FDCPA claim.

*See Dillard v. FBCS, Inc.*, No. 19-CV-968, 2020 WL 4937808, at \*4 (E.D.N.Y. Aug. 24, 2020) (granting a motion to dismiss where the correct address appeared "three separate times on the front of [a collection] letter" and "[i]n each instance, the same address appears directly below [the d]efendant's name, in bold lettering"); *Gansburg v. Credit Control, LLC*, No. 18-CV-5054, 2020 WL 1862928, at \*1 (E.D.N.Y. Feb. 27, 2020) (dismissing complaint where the correct address "appeared on the letter three times, each time under the defendant's name").  (*See also* Dkt. No. 1-1 (19-CV-968 Dkt. (E.D.N.Y.)) (letter from *Dillard*); Def.'s Mem. Ex. 10 (Dkt. No. 14-11) (letter from *Gansburg*).)  As discussed, here, the Harrisburg Address does not appear three times.  (*See* Payment Letter.)  Similarly, in *Taylor v. Am. Coradius Int'l, LLC*, the court found that the plaintiff did not state a claim where the letter stated at the bottom "[o]ffice [a]ddress," followed by a colon, followed by the debt collector's contact address.  No. 19-CV-4890, 2020 WL 4504657, at \*4 (E.D.N.Y. Aug. 5, 2020).  (*See also* Dkt. No. 1-1 (19-CV-4890 Dkt. (E.D.N.Y.)) ("Taylor Letter").)  While the letter in *Taylor,* like the Payment Letter, had three addresses crowded onto the coupon, (Taylor Letter), the Payment Letter is distinguishable because it does not explicitly and clearly identify an office address, (*see* Payment Letter).[4]

Fourth, as in *Adler*, the Court concludes that the envelope would not cure the possible confusion.  Because "the Coupon, crowded with three addresses, is visually confusing, . . . a least sophisticated consumer could be confused about what to make of the multiple addresses, and wonder whether the correct one was displayed in the glassine window."  *Adler*, 2020 WL

---

[4] Also helpful for Plaintiff is *Carbone v. Caliber Home Loans, Inc*., where the court held that a notice containing two addresses could support an FDCPA claim, even though one address was labeled "for return service only" and the other provided as the address for written requests. No. 15-CV-4919, 2016 WL 8711197, at \*3–4 (E.D.N.Y. Sept. 30, 2016).  (*See also* Def.'s Mem. Ex. 8 (Dkt. No. 14-9).)  Here, as in *Carbone*, two addresses are listed, but the proper address is even harder to identify because there is no labeling.  (*See* Payment Letter.)

4474624, at *6 (alterations omitted) (citing *Musarra*, 2020 WL 1166449, at *6).  The least

sophisticated consumer could also be confused if he or she misplaced or threw away the

envelope.  *Id.*

Thus, given the appearance of the Coupon and the lack of clear instructions in the

Payment Letter, the Court finds that Plaintiff has stated a plausible claim under the FDCPA and

that it cannot dismiss the Complaint at this early stage.  Instead, discovery could clarify whether

the possibility for confusion over the addresses is material.  For example, "if it was possible for a

consumer to send a dispute to any of the [two] addresses and have it properly processed, the

[Payment] [L]etter would not be materially misleading."  *Musarra*, 2020 WL 1166449, at *6; *see*

*also Becker v. Genesis Fin. Servs.*, No. 06-CV-5037, 2007 WL 4190473, at *7 (E.D. Wash. Nov.

21, 2007) (noting, on a motion for summary judgment, that although "[t]wo separate addresses

on a single letter could confuse the least sophisticated consumer," the plaintiff "fail[ed] to refute

[the defendant's] statement that both addresses accepted debt disputes").  However, this is a

factual issue that must await summary judgment.

### III.  Conclusion

For the foregoing reasons, Defendant's Motion To Dismiss is denied.  The Court will

hold a status conference via teleconference on February 25, 2021, at 2:00PM.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No.

13).

SO ORDERED.

DATED:        January 31, 2021
              White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

14