**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| NAFTALI SCHMELCZER, individually and on behalf of all others similarly situated, | : | CIVIL ACTION |
|  | : |  |
| Plaintiff | : | NO. 7:20-CV-02380-KMK |
| v. | : |  |
| PENN CREDIT CORPORATION, | : | JURY TRIAL DEMANDED |
|  | : |  |
| Defendant. | : |  |

**DEFENDANT PENN CREDIT CORPORATION'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND DEMAND FOR A TRIAL BY JURY**

Defendant, Penn Credit Corporation ("Defendant"), by and through its undersigned counsel, answers Plaintiff, Naftali Schmelczer's ("Plaintiff") Class Action Complaint ("Complaint"), and states as follows:

**INTRODUCTION**

1.      Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

**JURISDICTION AND VENUE**

2.      Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

3.      Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint, and therefore denies the same. Further, the allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

1

4.      Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore denies the same.

## PARTIES

5.      Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore denies the same.

6.      Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same. Further, the allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

7.      Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

8.      Admitted in part; denied in part. Defendant admits it has an office in Pennsylvania. Defendant denies the remaining allegations in this Paragraph as they call for a legal conclusion to which no response is required.

9.      Admitted in part; denied in part. Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof.

10.     Admitted in part; denied in part. Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof.

11.     Admitted in part; denied in part. Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof.

12.     Admitted in part; denied in part. Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof.

13.     Admitted in part; denied in part. Defendant admits that in certain instances, it may be considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). However, Defendant lacks sufficient knowledge to admit or deny the allegation that it is a "debt collector" in the present case, and further states that this allegation calls for a legal conclusion regarding the

definition of the cited statute. Therefore, Defendant denies the same for the present time and demands strict proof thereof.

## The FDCPA AS IT RELATED TO THE CLAIMS HEREIN

14.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

15.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

16.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

17.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

18.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

19.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

20.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

## ALLEGATIONS SPECIFIC TO PLAINTIFF

21.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

22.    Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore denies the same. Further, the allegations in this Paragraph are denied as they call for a legal

4

conclusion to which no response is required.

23.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore denies the same. Further, the allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

24.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore denies the same. Further, the allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

25.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

26.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same. Further, the allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

27.     Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves.

28.     Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves.

29.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

30.     Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves.

31. Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore denies the same.

32. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

33. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

34. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

**FIRST COUNT**
**Violations of 15 U.S.C. § 1692g(b), 1692e, and 1692e(10)**

35. Defendant repeats its responses to the allegations contained in paragraphs 1 through 34 above and incorporates them as if specifically set forth at length herein.

36. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

37. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

38. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

39. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

40. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

41. Denied. The allegations in this Paragraph are denied as they call for a legal

conclusion to which no response is required.

42.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

43.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

44.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

45.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

46.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

47.    Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves.

48.    Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves.

49.    Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves.

50.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

51.    Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves.

52.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

53.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

54.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

55.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

56.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

57.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

58.    Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves.

59.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

60.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

61.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

62.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

63.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

64.    Denied. The allegations in this Paragraph are denied as they call for a legal

conclusion to which no response is required.

65.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

66.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

67.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

68.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

69.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

70.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

71.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

72.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

73.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

74.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

75.    Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

76. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

77. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

78. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

79. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

80. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

81. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

82. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

83. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

84. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

85. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

86. Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

87. Denied. The allegations in this Paragraph are denied as they call for a legal

conclusion to which no response is required.

88.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

89.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692e and 1692e(10)

90.     Defendant repeats its responses to the allegations contained in paragraphs 1 through 89 above and incorporates them as if specifically set forth at length herein.

91.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

92.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

93.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

94.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

95.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

96.     Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves.

97.     Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves.

98.     Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as

11

Exhibit 1, speak for themselves.

99.     Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves.

100.     Denied. The terms of the June 19, 2019 Letter, attached to Plaintiff's Complaint as Exhibit 1, speak for themselves. Further, the allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

101.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

102.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

103.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

104.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

105.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

106.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

107.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

108.     Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

109.     Denied. The allegations in this Paragraph are denied as they call for a legal

conclusion to which no response is required.

110.   Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

111.   Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

## CLASS ALLEGATIONS

112.   Denied.  The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

113.   Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

114.   Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

115.   Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

116.   Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

117.   Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

118.   Denied. The allegations in this Paragraph are denied as they call for a legal conclusion to which no response is required.

## JURY DEMAND

119.   Defendant admits that Plaintiff demands a trial by jury. Defendant also demands a trial by jury under Fed. R. Civ. P. 38 for all issues so triable.

**WHEREFORE**, Defendant requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, and award Defendant its reasonable attorney's fees and costs incurred in defending this action. Defendant further requests that this Court deny any other requested damages, fees, costs, other legal and equitable relief, and award such other relief as the Court deems just and equitable.

<u>**AFFIRMATIVE DEFENSES**</u>

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred by the statute of limitations.

3. Any violation of law by Defendant, which is specifically denied, was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

4. Plaintiff failed to mitigate any damages which Plaintiff may have suffered.

5. Plaintiff has suffered no compensable damages.

6. Plaintiff has suffered no ascertainable loss of money or property.

7. Defendant affirmatively alleges that Plaintiff's claims are barred by a lack of standing under Article III of the U.S. Constitution. *See Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1544-50 (2016).

8. Defendant affirmatively alleges that Plaintiff's claims are barred by the absence of an actual or imminent injury that is concrete and particularized. *See Spokeo Inc.*, 136 S. Ct. at 1544-50.

9. The purported class is not so numerous as to make joinder of all members impracticable.

10. The purported class is not ascertainable.

14

11. The questions of law or fact are not common to the purported class.

12. The claims and defenses of the Plaintiff are not typical of the claims and defenses of the purported class.

13. Plaintiff and Plaintiff's counsel cannot fairly and adequately protect the interests of the purported class.

14. Prosecution of separate actions by individual members of the purported class would not create a risk of inconsistent or varying adjudications with respect to individual members of the purported class that would establish incompatible standards of conduct for Defendant.

15. Prosecution of separate actions by individual members of the purported class would not create a risk of adjudications with respect to individual members of the purported class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

16. Defendant's alleged conduct is not generally applicable to the purported class.

17. Defendant respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By:    /s/ Richard J. Perr
   RICHARD J. PERR, ESQUIRE
   Four Penn Center
   1600 John F. Kennedy Blvd., Suite 1030
   Philadelphia, PA  19103
   (v) 215.501.7002; (f) 215.405.2973
   rperr@kdvlaw.com
   Attorneys for Defendant Penn Credit Corporation

Dated:  February 12, 2021

15

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on this date I caused to be served a

true and correct copy of the foregoing via ECF on the following:

Craig B. Sanders, Esquire
Jonathan Mark Cader, Esq.
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
csanders@barshaysanders.com
jcader@barshaysanders.com
Attorneys for Plaintiff

/s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE

Dated:  February 12, 2021

4843-3096-7004, v. 1

16