STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAFTALI SCHMELCZER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PENN CREDIT CORPORATION,<br><br>Defendant. | Docket No. 7:20-cv-02380-KMK |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BARSHAY SANDERS, PLLC
*Attorneys for Plaintiff*


By:   Jonathan M. Cader, Esq.
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
*jcader@barshaysanders.com*
*csanders@barshaysanders.com*

Plaintiff Naftali Schmelczer ("*Plaintiff*") submits the instant memorandum in in support of his motion against Defendant, Penn Credit Corporation ("*Defendant*"), for summary judgment pursuant to Fed. R. Civ. Pro. 56.

## PRELIMINARY STATEMENT

Plaintiff is entitled to summary judgment, insofar as the Court has already determined that the Complaint states a plausible claim for relief under the FDCPA[1] when it denied Defendant's motion to dismiss. *Dkt. No.* 20. That is particularly relevant here, insofar as it has been held that the standard of review on a motion to dismiss is virtually indistinguishable from the otherwise "heightened standard" applicable to a motion for summary judgment in the context of an FDCPA case. That is because "where a court is examining a collection letter for compliance with Section 1692g(a)(2) and the terms of the letter are not in dispute, the question presented to the court is a question of law."[2] In this case, nothing has changed from the time of the Court's denial of Defendant's motion to dismiss to the time of the instant motion and therefore, the Court should find that Plaintiff is entitled to summary judgment, regardless of whether it applies the "law of the case" doctrine or simply reaches the same conclusion as a matter of law as it had earlier.[3]

While it is expected Defendant will argue that the confusion which the Court found to exist is "immaterial" because it would have purportedly received, accepted and honored a written dispute regardless of the address to which it was sent, Defendant's argument misses the mark.

---

[1] The Fair Debt Collection Practices Act (15 U.S.C. § 1692, *et seq.*)

[2] *Datiz v. Int'l Recovery Assocs., Inc.*, No. CV153549ADSAKT, 2018 WL 3751920, at *14 (E.D.N.Y. July 27, 2018), *report and recommendation adopted*, No. 215CV03549ADSAKT, 2018 WL 4561461 (E.D.N.Y. Sept. 24, 2018), *order amended on reconsideration*, No. 215CV03549ADSAKT, 2019 WL 1900472 (E.D.N.Y. Apr. 29, 2019).

[3] *Datiz* (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983) ("[T]he [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

More specifically, Defendant's anticipated argument focuses on the wrong moment in time. It does not matter if Defendant would have purportedly received, accepted and honored a written dispute regardless of the address to which it was sent. Instead, the relevant inquiry is whether the provision of multiple addresses in the letter operated to cause the least sophisticated consumer to forego his right to dispute the alleged debt, because he could not discern the address to which written disputes were to be sent and did not want to call the debt collector to seek clarification out of fear that the trained debt collector who answered the phone would coerce him into engaging in a dialogue beyond disputing the alleged debt and/or provide the debt collector with his contact information.

If the confusion the Court has already found to plausibly exist in the letter, then it necessarily follows that the claim is both material and actionable if it operates to have the least sophisticated consumer forego his rights, as it did here. The debt collector's putative willingness to accept, honor and respond to a written dispute is what becomes immaterial, if the confusion resulting from the letter causes the least sophisticated consumer to not respond at all.

For all these reasons, as well as those set forth in the Court's prior Order, it is respectfully submitted that Plaintiff is entitled to summary judgment in this action.

## **PROCEDURAL POSTURE**

Plaintiff commenced this action upon the filing of a Complaint with this Court on March 18, 2020. *Dkt. No.* 1. On June 2, 2020, Defendant submitted a letter requesting a pre-motion conference for purposes of being granted leave to file a motion to dismiss. *Dkt. No.* 7. Plaintiff opposed that request on June 9, 2020. *Dkt. No.* 9. The Court held a pre-motion conference on July 16, 2020 and set a briefing schedule for the contemplated motion. *Dkt. No.* 12.

Defendant its motion to dismiss on July 31, 2020, (Dkt. Nos. 13-14, *et seq.*), which Plaintiff

opposed (*Dkt. No.* 15) and Defendant filed its reply on August 28, 2020.  *Dkt. No.* 16.

On February 1, 2021, the Court issued an Order denying Defendant's motion to dismiss. *Dkt. No.* 20.  Defendant filed an Answer to the Complaint on February 12, 2021. *Dkt. No.* 22.  The Court held a conference on February 25, 2021, at which time the parties indicated their mutual intent to file motions for summary judgment.  The Court granted the parties' requests to file such motions and the parties submitted a briefing schedule on March 4, 2021 (*Dkt. No.* 24) which briefing schedule was adopted by the Court on the same day.  *Dkt. No.* 25.

## **STATEMENT OF FACTS**

The facts of this case are taken from Plaintiff's accompanying Statement of Undisputed Material Facts pursuant to Local Rule 56.1 ("*PSUF*"), unless otherwise indicated.

Plaintiff is an individual who is a citizen of the State of New York residing in Spring Valley, New York.  *PSUF* at ¶ 1.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).  *Id.* at ¶ 2.  Defendant is a "debt collector" as is defined by 15 U.S.C. § 1692a(6).  *Id.* at ¶ 3.

Defendant alleges that Plaintiff owes a debt arising out of a "delinquent utility bill." in the amount of $1,448.28 to SUEZ New York (the "*alleged Debt*").  *Id.* at ¶ 4.  Once this debt was in default, it was "assigned or otherwise transferred" to Defendant for collection at a time unknown to Plaintiff.  *Id.* at ¶ 5.  In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter dated June 19, 2019 (the "*Letter*").  *Id.* at ¶ 6.  The Letter conveyed information regarding the alleged Debt and was the initial communication sent from Defendant to Plaintiff.  *Id.* at ¶ 7.

Plaintiff was confused by the Letter because he did not believe that he owed the sum of $1,448.28 to SUEZ New York.  *Id.* at ¶ 8.  Plaintiff was confused by the Letter because he did not understand how to go about disputing the alleged Debt.  *Id.* at ¶ 9.

The Letter stated that Plaintiff could dispute the alleged Debt by sending a letter to Defendant's "office," however, there was no "office" address on the Letter. *Id.* at ¶ 10. The Letter has only two (2) addresses, both of which are PO Box addresses. *Id.* at ¶ 11. The first address, located in the coupon, is: P.O Box 1259, Department 91047 Oaks, PA 19456 (the "*Oaks Address*"). *Id.*; *Dkt. No.* 1-1. The second address, located in the coupon, is: PO Box 69703 Harrisburg, PA 17106-9703 (the "*Harrisburg Address*"). *Id.* and *id.*

Upon reading the Letter, Plaintiff could not determine whether a dispute was to be sent to the Oaks Address or to the Harrisburg Address. *Id.* at ¶ 12. Although Plaintiff was confused by the Letter, he did not want to call Defendant to ask where he could send a dispute because he was afraid that Defendant would not tell him about his right to dispute the alleged Debt but, instead, would try to get Plaintiff agree to pay the alleged Debt that he believed to be in excess of the amount owed. *Id.* at ¶ 13.

The Letter does not provide further instruction on which address is to be used for submitting written disputes. *Id.* at ¶ 14.

## ARGUMENT

The primary reason for which the Court should find that Plaintiff is entitled to summary judgment results from the fact that the Court has already considered the arguments advanced by the parties and found that the Complaint stated a claim which was sufficient to withstand a motion to dismiss. Because no facts have changed, and because this motion still asks the Court to focus on the language of the Letter itself, the Court should adhere to its prior determination and find that the least sophisticated consumer would be confused and, therefore, hold that the Letter does not comply with the mandates of the FDCPA.

4

I.    **STANDARDS OF REVIEW**

In evaluating Plaintiff's motion for summary judgment, the Court is to be guided by three principles. In no order of significance, they are: (i) the rules governing the applicability of the "least sophisticated consumer" standard; (ii) the rules applicable to summary judgment motions in general; and (iii) the rules applicable to stating a claim under the FDCPA.

A.    **Standard of Review – Summary Judgment**

Summary judgment shall be granted to a movant who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law'." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986)). No genuine issue of material fact exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (internal citations omitted).

When bringing a motion for summary judgment, the movant carries the burden of demonstrating the absence of any disputed issues of material fact and entitlement to judgment as a matter of law. *Rojas*, 660 F.3d at 104. Once the moving party has met its burden, the nonmoving party normally "must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)).

B.    **Standard of Review – the Least Sophisticated Consumer**

In determining whether a communication violates the FDCPA, the Second Circuit applies

5

the least sophisticated consumer standard (the "*LSC Standard*"). *Jacobson v.* Healthcare *Fin. Servs., Inc.,* 516 F.3d 85, 90 (2d Cir. 2008). The LSC Standard is designed to ensure that the FDCPA protects all consumers, "the gullible as well as the shrewd" (*Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)), as well as the "naïve and the credulous." *Quinteros v. MBI Associates, Inc.,* 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) (citing *Id.*). It is well-settled law that the LSC does not have "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Indeed, the LSC has been described as a person of "below average sophistication or intelligence." *Hillaire v. Delta Funding Corp.*, No. 98-7188, 2002 WL 31123860, at *2 (E.D.N.Y. Sept. 26, 2002) (quoting *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002)).

In ensuring that both the gullible and naïve are equally protected by the FDCPA, the law stops short of making actionable every "bizarre or idiosyncratic" interpretation of debt collection letters. *Quinteros,* 999 F.Supp.2d at 437 (quoting *Clomon,* 988 F.2d at 1320). That said, to ensure proper application of the LSC Standard, while Courts have held that the LSC is "neither irrational nor a dolt" (*Ellis*, 591 F.3d at 135; *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)) the Court is to be guided by the fact that the LSC possesses little more than "a rudimentary amount of information" about the world. *Quinteros,* 999 F.Supp.2d at 437; *Clomon,* 988 F.2d at 1320. The standard of care in crafting a collection letter is therefore fairly high, such that it may be clearly understood by the LSC. Indeed, the Second Circuit has instructed, because the FDCPA is "primarily a consumer protection statute ... we must construe its terms in liberal fashion [to achieve] the underlying Congressional purpose." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (citations omitted).

6

### C.  A Consumer's *Prima Facie* Case Under the FDCPA

As the Court properly observed in its Order denying Defendant's motion to dismiss, in order to prevail on a claim under the FDCPA, a plaintiff must meet three requirements:

> (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements.

*Dkt. No.* 20 (citing *Okyere v. Palisades Collection*, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013)).

Here, the Court found that Defendant did not dispute the fact that Plaintiff is a consumer and that Defendant is a debt collector.  Therefore, the only question remaining before the Court is whether Defendant has violated, by act or omission, a provision of the FDCPA. See generally *Suquilanda v. Cohen & Slamowitz, LLP*, No. 10-CV-5868 (PKC), 2011 WL 4344044, at *3 (S.D.N.Y. Sept. 8, 2011) citing *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 120 (2d Cir. 2011).

Because the Court has already determined that the Complaint filed in this action contained allegations sufficient to withstand a motion to dismiss, it must come to the same conclusion on the instant motion for summary judgment, insofar as the standard of review under such circumstances is substantively identical   *See Datiz, supra.*

## II.    PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT

As the Court previously observed, "Plaintiff argues that the Payment Letter is defective because it contains multiple addresses and does not specify which address to use to dispute the debt or send payment." *Dkt. No.* 20 at p. 9.  "Plaintiff also alleges that the Letter violates 15 U.S.C. § 1692g(b) because it overshadows and is inconsistent with Defendant's disclosure of Plaintiff's right to dispute the debt, verify the debt, and request the name and address of the original creditor." *Id*.

7

In finding the foregoing allegations to be sufficient to state a claim upon which relief can be granted, the Court stated:

> "the Coupon, which the Letter instructs should be 'detach[ed] and return[ed] with payment to expedite credit to [Plaintiff's] account,' includes three different addresses, one of which is Plaintiff's. (See Payment Letter.) The Oaks Address is on the top left corner of the Coupon, and the Harrisburg Address is on the bottom right. (Id.) Both the Oaks and Harrisburg Addresses are P.O. boxes, and neither is highlighted or specifically denoted as the correct address. (Id.) The Payment Letter does not provide further instruction on which address to use. (Id.) Instead it generally directs the recipient to 'send payment in full in the enclosed envelope' and to 'notify this office' in order to exercise various rights. (Id.)"

*Dkt. No.* 20 at pp. 9-10 (alterations and parentheses in original).

The foregoing observations are significant, insofar as the Second Circuit held in *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) that § 1692g clearly contemplates a "bifurcated scheme" through which consumers could dispute a debt. While a consumer can dispute a debt orally, only a dispute in writing will trigger a debt collector's obligation to provide verification or validation of a debt. The lodging of such a dispute also requires a debt collector to cease all collection activity until such validation or verification has been provided. As Your Honor observed in ruling on the motion to dismiss, the failure to effectively communicate a consumer's right to dispute an alleged debt in writing would operate to deprive the consumer of the "ultimate power" it otherwise has over a debt collector under § 1692g(b). *Hooks*, 717 F.3d at 286.

The Court based its decision on the same reasoning it expressed in *Adler v. Penn Credit Corp.*, No. 19-CV-7084 (KMK), 2020 WL 4474624 (S.D.N.Y. Aug. 3, 2020), wherein the Court found the decisions in *Musarra v. Balanced Healthcare Receivables, LLC*, No. 19CV5814ARRRML, 2020 WL 1166449 (E.D.N.Y. Mar. 11, 2020) and Pinyuk v. CBE Grp., Inc., No. 17CV5753RRMCLP, 2019 WL 1900985 (E.D.N.Y. Apr. 29, 2019) to be persuasive for their

reasoning; distinguishing and rejecting Defendant's reliance on the decisions in *Park v. Forster & Garbus, LLP*, No. 19-CV-3621, 2019 WL 5895703 (E.D.N.Y. Nov. 12, 2019), and *Saraci v. Convergent Outsourcing, Inc.*, No. 18-CV-6505, 2019 WL 1062098 (E.D.N.Y. Mar. 6, 2019).

More specifically, Your Honor stated that "[i]n *Park*, the detachable coupon included only two addresses, one of which belonged to the consumer, . . . the coupon specifically directed the plaintiff to 'return [it] with payment to [the P.O. box address],' and a 'prominent arrow' on the coupon pointed to the same address 'for extra emphasis.'" *Dkt. No.* 20 at p. 12. Continuing, Your Honor held that "unlike *Park* and consistent with *Adler*, the addresses are 'in close proximity,' there are no instructions, and the Harrisburg Address is not emphasized." *Id.* In similarly distinguishing *Saraci,* Your Honor held "in *Saraci* . . . the letter at issue included only one address on the detachable coupon" and that address was "listed three times under the defendant's name." *Id.* In so holding, Your Honor rejected Defendant's reliance on the holdings in *Dillard v. FBCS, Inc.*, No. 19-CV-968, 2020 WL 4937808, at *4 (E.D.N.Y. Aug. 24, 2020)[4]; *Gansburg v. Credit Control, LLC*, No. 18-CV-5054, 2020 WL 1862928, at *1 (E.D.N.Y. Feb. 27, 2020)[5]; and *Taylor v. Am. Coradius Int'l, LLC*, No. 19-CV4890, 2020 WL 4504657, at *4 (E.D.N.Y. Aug. 5, 2020)[6].

Your Honor further rejected Defendant's contention that the inclusion of "glassine envelopes" along with the Letter "would not cure the possible confusion. Because 'the Coupon, crowded with three addresses, is visually confusing, . . . a least sophisticated consumer could be

---

[4]    Granting a motion to dismiss where the correct address appeared "three separate times on the front of [a collection] letter" and "[i]n each instance, the same address appears directly below [the d]efendant's name, in bold lettering." *Dkt. No.* 20 at p. 13

[5]    Dismissing complaint where the correct address "appeared on the letter three times, each time under the defendant's name." *Id.*

[6]    Wherein the court found that the plaintiff did not state a claim where the letter stated at the bottom "[o]ffice [a]ddress," followed by a colon, followed by the debt collector's contact address. *Id.*

confused about what to make of the multiple addresses, and wonder whether the correct one was displayed in the glassine window'." *Dkt. No.* 20 at p. 13 (citing *Adler*, 2020 WL 4474624, at \*6 (alterations omitted) (citing *Musarra*, 2020 WL 1166449, at \*6)). Further, the glassine envelope would only be applicable for use with the payment coupon and would not otherwise be of use if the consumer were sending a validation demand rather than a payment.

Plaintiff is aware of no further decisions from this District or the Circuit on this topic which post-date Your Honor's decisions in *Adler* and in this case. Insofar as the locus of inquiry must focus on whether the letter operates to confuse or hinder the consumer's ability to respond to the letter at the time of receipt of same, the Court must adhere to its prior determination and find that the Letter violates the FDCPA. That is because it matters not if Defendant would have honored a dispute if sent to either address. If the consumer did not send a dispute at all because of the confusion, *that* is the violation.

## CONCLUSION

For all the reasons set forth herein, it is respectfully submitted that cause exists to grant Plaintiff's motion for summary judgment, together with such other and further relief as this Court deems just, equitable and proper.

Dated: Garden City, New York
     April 9, 2021

                      Respectfully submitted,

                      BARSHAY SANDERS, PLLC
                      *Attorneys for Plaintiff*

                      By:    *s/ Jonathan M. Cader*

                      Jonathan M. Cader, Esq.
                      Craig B. Sanders, Esq.
                      100 Garden City Plaza, Suite 500
                      Garden City, New York 11530
                      Tel: (516) 203-7600
                      jcader@barshaysanders.com
                      csanders@barshaysanders.com

11