**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| NAFTALI SCHMELCZER, individually and on behalf of all others similarly situated, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 7:20-cv-02380-KMK |
| | : | |
| PENN CREDIT CORPORATION, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

**DEFENDANT PENN CREDIT CORPORATION'S RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1(b)**

1.      Plaintiff is an individual who is a citizen of the State of New York residing in Spring Valley, New York. *Declaration of Naftali Schmelczer* (the "*Schmelczer Decl.*") at ¶ 1.

**RESPONSE:  Admitted.**

2.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). *Dkt. No.* 20 at p. 9 (finding that Defendant did not dispute this allegation in connection with its motion to dismiss).

**RESPONSE:  Admitted.**

3.      Defendant is a "debt collector" as is defined by 15 U.S.C. § 1692a(6). *Dkt. No.* 20 at p. 9 (finding that Defendant did not dispute this allegation in connection with its motion to dismiss).

**RESPONSE:  Defendant admits that it is a "debt collector" as is defined by 15 U.S.C. § 1692a(6) for this case only.**

1

4.        Defendant alleges that Plaintiff owes a debt arising out of a "delinquent utility bill." in the amount of $1,448.28 to SUEZ New York (the "*alleged Debt*").  *Dkt. No.* 20 at p. 2; *Dkt. No.* 1-1.

**RESPONSE:**  **Admitted.**

5.        Once this debt was in default, it was "assigned or otherwise transferred" to Defendant for collection at a time unknown to Plaintiff.  *Dkt. No.* 20 at p. 2.

**RESPONSE:**  **Defendant admits that on or about June 18, 2019, Suez New York placed Plaintiff, Naftali Schmelczer's ("Plaintiff" or "Schmelczer") account of $1,448.28 (the "Account") in collections with Penn Credit Corporation ("Penn Credit" or "Defendant"). (Doc. 29 at ¶ 1).**

6.        In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter dated June 19, 2019 (the "*Letter*").  *Schmelczer Decl.* at ¶ 3; *Dkt. No.* 1-1.

**RESPONSE:**  **Admitted.**

7.        The Letter conveyed information regarding the alleged Debt and was the initial communication sent from Defendant to Plaintiff.  *Schmelczer Decl.* at ¶ 6; *Dkt. No.* 1-1.

**RESPONSE:**  **Defendant admits that a true and correct copy of the Letter with redactions is attached to Plaintiff's Complaint as Exhibit A. (Doc. 1-1).**

8.        Plaintiff was confused by the Letter because he did not believe that he owed the sum of $1,448.28 to SUEZ New York.  *Schmelczer Decl.* at ¶¶ 7-8.

**RESPONSE: Defendant disputes this statement and states that it is irrelevant. Plaintiff's only claim in this case is that he allegedly did not know where to send in a payment, a dispute, or a request for the name of the original creditor.  (Doc. 1).  Plaintiff has asserted no claims in this case regarding the validity of the obligation.  (Doc. 1).**

9.        Plaintiff was confused by the Letter because he did not understand how to go about disputing the alleged Debt.  *Id.* at ¶¶ 7, 9.

2

**RESPONSE: Defendant disputes this statement. There is no evidence in this case that Plaintiff ever attempted to send any correspondence to Penn Credit or dispute his obligation with Penn Credit.**

10.     The Letter stated that Plaintiff could dispute the alleged Debt by sending a letter to Defendant's "office," however, there was no "office" address on the Letter. *Id.* at ¶ 9; *Dkt. No.* 1-1.

**RESPONSE: Defendant disputes this statement. The envelope containing the June 19, 2019 Letter contained two glassine windows, the top left of which displayed RevSpring's address, which is P.O. Box 1259, Department 91047 Oaks, PA 19456 ("Oaks, PA Address"), which is used for return mail. (Doc. 29 at ¶ 16). RevSpring is Defendant's letter vendor which printed and mailed the June 19, 2019 Letter. (Doc. 29 at ¶¶ 3-6). The detachable payment slip includes three addresses: a return address in the top-left corner, which is the Oaks, PA Address, Plaintiff's address, and Penn Credit's remittance address, which is "PENN CREDIT PO Box 69703 Harrisburg PA, 17106-9703 ("Harrisburg, PA Address"), in the bottom left corner. (Doc. 29 at ¶¶ 12-15). When the payment slip is inserted into the provided return envelope, the Harrisburg, PA Address is the only address that is visible. (Doc. 29 at ¶ 20).**

**RevSpring's practice is to forward any payment or correspondence sent to the Oaks, PA Address on to Penn Credit. (Doc. 29 at ¶¶ 21-24). RevSpring promptly forwards mail to Penn Credit. (Doc. 29 at ¶ 24). Therefore, regardless of whether a consumer sends any correspondence, including a dispute or a request for original creditor, or a payment directly to the Harrisburg, PA Address or to the Oaks, PA Address, the result is the same as Penn Credit would ultimately receive all such payments and correspondence. (Doc. 29 at ¶¶ 21-24). Plaintiff could have sent any correspondence or payments to either address and it would be received by Penn Credit. (Doc. 29 at ¶¶ 21-24).**

11.     The Letter has only two (2) addresses, both of which are PO Box addresses. The first address, located in the coupon, is: P.O Box 1259, Department 91047 Oaks, PA 19456 (the "*Oaks Address*"). *Schmelczer Decl.* at ¶ 10; *Dkt. No.* 1-1. The second address, located in the coupon, is: PO Box 69703 Harrisburg, PA 17106-9703 (the "*Harrisburg Address*"). *Id.* and *id.*

**RESPONSE: Admitted.**

12.         Upon reading the Letter, Plaintiff could not determine whether a dispute was to be sent to the Oaks Address or to the Harrisburg Address.  *Schmelczer Decl.* at ¶ 11.

**RESPONSE:  Defendant disputes this statement.  The envelope containing the June 19, 2019 Letter contained two glassine windows, the top left of which displayed RevSpring's address, which is P.O. Box 1259, Department 91047 Oaks, PA 19456 ("Oaks, PA Address"), which is used for return mail.  (Doc. 29 at ¶ 16). RevSpring is Defendant's letter vendor which printed and mailed the June 19, 2019 Letter. (Doc. 29 at ¶¶ 3-6).  The detachable payment slip includes three addresses: a return address in the top-left corner, which is the Oaks, PA Address, Plaintiff's address, and Penn Credit's remittance address, which is "PENN CREDIT PO Box 69703 Harrisburg PA, 17106-9703 ("Harrisburg, PA Address"), in the bottom left corner.  (Doc. 29 at ¶¶ 12-15).  When the payment slip is inserted into the provided return envelope, the Harrisburg, PA Address is the only address that is visible. (Doc. 29 at ¶ 20).**

**RevSpring's practice is to forward any payment or correspondence sent to the Oaks, PA Address on to Penn Credit.  (Doc. 29 at ¶¶ 21-24). RevSpring promptly forwards mail to Penn Credit. (Doc. 29 at ¶ 24).  Therefore, regardless of whether a consumer sends any correspondence, including a dispute or a request for original creditor, or a payment directly to the Harrisburg, PA Address or to the Oaks, PA Address, the result is the same as Penn Credit would ultimately receive all such payments and correspondence.  (Doc. 29 at ¶¶ 21-24).  Plaintiff could have sent any correspondence or payments to either address and it would be received by Penn Credit.  (Doc. 29 at ¶¶ 21-24).**

13.         Although Plaintiff was confused by the Letter, he did not want to call Defendant to ask where he could send a dispute because he was afraid that Defendant would not tell him about his right to dispute the alleged Debt but, instead, would try to get Plaintiff agree to pay the alleged Debt that he believed to be in excess of the amount owed.  *Id.* at ¶ 12.

**RESPONSE:  Defendant disputes this statement.  The envelope containing the June 19, 2019 Letter contained two glassine windows, the top left of which displayed RevSpring's address, which is P.O. Box 1259, Department 91047 Oaks, PA 19456 ("Oaks, PA Address"), which is used for return mail.  (Doc. 29 at ¶ 16). RevSpring is Defendant's letter vendor which printed and mailed the June 19, 2019 Letter. (Doc. 29 at ¶¶ 3-6).   The detachable payment slip includes three addresses: a return address in the top-left corner, which is the Oaks, PA Address, Plaintiff's address, and Penn Credit's remittance address, which is "PENN CREDIT PO Box 69703 Harrisburg PA, 17106-9703 ("Harrisburg, PA Address"), in the bottom left corner.  (Doc. 29 at ¶¶ 12-15).  When the payment slip is inserted into the provided return envelope, the Harrisburg, PA Address is the only address that is visible. (Doc. 29 at ¶ 20).**

**RevSpring's practice is to forward any payment or correspondence sent to the Oaks, PA Address on to Penn Credit. (Doc. 29 at ¶¶ 21-24). RevSpring promptly forwards mail to Penn Credit. (Doc. 29 at ¶ 24). Therefore, regardless of whether a consumer sends any correspondence, including a dispute or a request for original creditor, or a payment directly to the Harrisburg, PA Address or to the Oaks, PA Address, the result is the same as Penn Credit would ultimately receive all such payments and correspondence. (Doc. 29 at ¶¶ 21-24). Plaintiff could have sent any correspondence or payments to either address and it would be received by Penn Credit. (Doc. 29 at ¶¶ 21-24).**

**Plaintiff has asserted no claims in this case that he did not owe the obligation that is the subject of this case nor has he alleged that he did not want call Defendant. (Doc. 1). There is no evidence in this case that Plaintiff ever tried to mail anything to Penn Credit or submit a payment or dispute. (Docs. 1, 36).**

14.      The Letter does not provide further instruction on which address is to be used for

submitting written disputes. *Dkt. No.* 20 at p. 10.

**RESPONSE: Defendant disputes this statement. The envelope containing the June 19, 2019 Letter contained two glassine windows, the top left of which displayed RevSpring's address, which is P.O. Box 1259, Department 91047 Oaks, PA 19456 ("Oaks, PA Address"), which is used for return mail. (Doc. 29 at ¶ 16). RevSpring is Defendant's letter vendor which printed and mailed the June 19, 2019 Letter. (Doc. 29 at ¶¶ 3-6). The detachable payment slip includes three addresses: a return address in the top-left corner, which is the Oaks, PA Address, Plaintiff's address, and Penn Credit's remittance address, which is "PENN CREDIT PO Box 69703 Harrisburg PA, 17106-9703 ("Harrisburg, PA Address"), in the bottom left corner. (Doc. 29 at ¶¶ 12-15). When the payment slip is inserted into the provided return envelope, the Harrisburg, PA Address is the only address that is visible. (Doc. 29 at ¶ 20).**

**RevSpring's practice is to forward any payment or correspondence sent to the Oaks, PA Address on to Penn Credit. (Doc. 29 at ¶¶ 21-24). RevSpring promptly forwards mail to Penn Credit. (Doc. 29 at ¶ 24). Therefore, regardless of whether a consumer sends any correspondence, including a dispute or a request for original creditor, or a payment directly to the Harrisburg, PA Address or to the Oaks, PA Address, the result is the same as Penn Credit would ultimately receive all such payments and correspondence. (Doc. 29 at ¶¶ 21-24). Plaintiff could have sent any correspondence or payments to either address and it would be received by Penn Credit. (Doc. 29 at ¶¶ 21-24).**

## DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS TO WHICH THERE EXISTS GENUINE ISSUES OF DISPUTED FACT

1.      On or about June 18, 2019, Suez New York placed Plaintiff, Naftali Schmelczer's ("Plaintiff" or "Schmelczer") account of $1,448.28 (the "Account") in collections with Penn Credit Corporation ("Penn Credit" or "Defendant").  (*See* Affidavit of Thomas Perrotta, dated April 6, 2021 ("Perrotta Affidavit") at ¶ 9, attached hereto as Exhibit A).

2.      Penn Credit maintains its account notes in an electronic system called Fusion. ("Account Notes")  (Perrotta Affidavit at ¶¶ 10-12, Exhibit A).

3.      On June 19, 2019, Penn Credit transmitted an electronic request to its letter vendor, RevSpring, to prepare and send out a letter to Plaintiff.  (Perrotta Affidavit at ¶ 13, Exhibit A; *see* Declaration of Scott Astheimer, dated April 5, 2021 ("Astheimer Declaration") at ¶ 9, attached as Exhibit B).

4.      RevSpring is a company that provides document creation and delivery services for account receivables management companies, healthcare organizations, banking institutions, municipal and county governments, and telecommunication companies.  (Astheimer Declaration at ¶ 5).

5.      Penn Credit retained RevSpring to perform printing and mailing services.  (Perrotta Affidavit ¶ 8, Exhibit A).

6.      On June 20, 2019, RevSpring  mailed a letter to Plaintiff, dated June 19, 2019 ("the "Letter"), that sought to collect a balance of $1,448.28 owed to Suez New York on behalf of Penn Credit.  (Perrotta Affidavit at ¶ 14, Exhibit A; Astheimer Declaration at ¶ 20, Exhibit B).

7.      The Letter was prepared by RevSpring on June 19, 2019 in accordance with Penn Credit's Form ID 91203-NEW-158 letter template.  (Astheimer Declaration at ¶¶ 9-19, Exhibit B).

8.    The Form ID 91203-NEW-158 letter template includes fields for the following information: Creditor, ID Number, Total Balance Due, Phone Number, Service Rendered, Service Date, Account Number, Balance, Consumer Name, Street Address, and City/State/Zip information.  (Astheimer Declaration at ¶ 11, Exhibit B).

9.    RevSpring prepared the Letter according to the Form ID 91203-NEW-158 template using electronic information from Penn Credit.  (Astheimer Declaration at ¶ 18, Exhibit B).

10.    The Letter stated, "Send payment using the enclosed envelope or you may go online to http://account.penncredit.com to make payment or contact our office to pay over the phone." (Doc. 1-1, attached as Exhibit C, which is a copy of Plaintiff's Complaint; Perrotta Affidavit at ¶ 14, Exhibit A).

11.    The Letter also stated, directly above the detachable payment slip portion, "DETACH AND RETURN WITH PAYMENT TO EXPEDITE CREDIT TO YOUR ACCOUNT." (Doc. 1-1, at Exhibit C; Perrotta Affidavit at ¶ 14, Exhibit A) (emphasis in original).

12.    Plaintiff's address was listed on the Letter as "27 POLNOYA RD, UNIT 302 SPRING VALLEY NY, 10977-8264."  (Doc. 1-1, Exhibit C; Perrotta Affidavit at ¶ 14, Exhibit A) (emphasis in original).

13.    Two addresses appear at the bottom of the Letter on the Letter's detachable payment slip. (Doc. 1-1, Exhibit C; Perrotta Affidavit at ¶ 14, Exhibit A). The address toward the bottom right-hand corner of the payment slip indicates Penn Credit's remittance address: "PENN CREDIT Box 69703 Harrisburg, PA 17106-9703." (Doc. 1-1, Exhibit C; Perrotta Affidavit at ¶¶ 14-15, Exhibit A; Astheimer Declaration at ¶ 14, Exhibit B).

14.    The Letter's payment slip included a return address field in the top-left with the address "P.O. Box 1259, Department 91047 Oaks, PA 19456" ("Oaks, PA Address"). (Doc. 1-1, Exhibit C; Perrotta Affidavit at ¶ 14, Exhibit A; Astheimer Declaration at ¶¶ 15-17, Exhibit B).

15.    The Oaks, PA Address is used by RevSpring to receive and process mail deemed undeliverable as addressed by the United States Postal Service ("USPS"). (Astheimer Declaration at ¶ 17 Exhibit B).

16.    RevSpring mailed the Letter in an envelope that contained two glassine windows, which is identified by OSE-103-H-0 on the envelope's rear side. (Astheimer Declaration at ¶ 20, Exhibit B).

17.    Exhibit 3 to the Astheimer Declaration  is a true and correct copy of the Letter that was placed in an exemplar of an OSE-103-H-0 envelope as when Plaintiff would have received the Letter. (Astheimer Declaration at ¶ 21, Exhibit B).  This shows that the Oaks, PA Address is visible through the top window in the left-hand corner of the envelope, and Plaintiff's address is visible through the bottom window.  (*Id.*)

18.    When RevSpring mailed the Letter it also included a return envelope, which has one glassine window and is marked BRE-104-E-0.  (Astheimer Declaration at ¶ 22, Exhibit B).

19.    Exhibit 5 to the Astheimer Declaration  is a true and correct copy of the detachable payment slip from the Letter that was placed in an exemplar of the BRE-104-E-0 envelope as Plaintiff would have originally received with the Letter.   (Astheimer Declaration at ¶ 23, Exhibit B).

20.    When the detachable payment slip portion of the Letter is placed in the return envelope, only the address clearly marked: "PENN CREDIT PO Box 69703 Harrisburg PA, 17106-9703" is visible.  (Astheimer Declaration at ¶¶ 22-23, Exhibit B).

21. Should an individual, receive a letter in accordance with Penn Credit's Form ID 91203-NEW-158 letter template, and then send any correspondence or payments to the return Oaks, PA Address, RevSpring would forward the mail to Penn Credit as a courtesy, or return the white mail to the USPS as return to sender if there was any doubt regarding the intended address for the enclosed correspondence. (Astheimer Declaration at ¶ 24, Exhibit B).

22. Thus, had Plaintiff sent any correspondence or payments to the return Oaks, PA Address, RevSpring as part of its regular pattern and practices would have forwarded said correspondence or payments to Penn Credit or returned the correspondence or payments to Plaintiff. (Astheimer Declaration at ¶ 25, Exhibit B).

23. If RevSpring had forwarded Penn Credit any correspondence, which was received at P.O. Box 1259, Department 91047 Oaks, PA 19456, including but not limited to requests for validation and the original creditor and disputes concerning a financial obligation, or any payments, from Schmelczer or any individual that were mailed to RevSpring but intended for Penn Credit, Penn Credit would process all such correspondence and payments. (Perrotta Affidavit at ¶ 16, Exhibit A).

24. RevSpring promptly forwards mail to Penn Credit. (Perrotta Affidavit at ¶17, Exhibit A)

25. Penn Credit never received any written correspondence or payments from Plaintiff. (Perrotta Affidavit at ¶ 18, Exhibit A)

26. Penn Credit never received any written correspondence from RevSpring in the mail or via electronic means regarding Plaintiff. (Perrotta Affidavit at ¶ 19, Exhibit A).

Respectfully Submitted:

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By:    <u>/s/ Richard J. Perr</u>
        RICHARD J. PERR, ESQUIRE
        Four Penn Center
        1600 John F. Kennedy Blvd, Suite 1030
        Philadelphia, PA 19103
        (v) 215.501.7002; (f) 215.405.2973
        rperr@kdvlaw.com
        Attorneys for Defendant Penn Credit Corporation

Dated:  May 18, 2021

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a

true and correct copy of the foregoing electronically via CM/ECF on the following:

Craig B. Sanders, Esq.
Jonathan Mark Cader, Esq.
Barshay Sanders, PLLC
100 Garden City Plaza, 5th Floor
Garden City, NY 11530
csanders@barshaysanders.com
jcader@barshaysanders.com
Attorneys for Plaintiff Naftali Schmelczer


/s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE


Dated:  May 18, 2021



4824-9711-5109, v. 1

11