**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| NAFTALI SCHMELCZER, individually and on behalf of all others similarly situated, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 7:20-cv-02380-KMK |
| | : | |
| PENN CREDIT CORPORATION, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

**DEFENDANT PENN CREDIT CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE UNREDACTED COPIES OF CERTAIN EXHIBITS UNDER SEAL**

Defendant, Penn Credit Corporation ("Defendant"), by and through its undersigned counsel, respectfully requests that this Court seal unredacted versions of certain exhibits that were filed with Defendant's Opposition to Plaintiff's Motion for Summary Judgment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. (Docs. 42-43).

1

Table of Contents

I.    Introduction ................................................................................................................ 4

II.   Factual and Procedural Background .......................................................................... 5

III.  Standard of Review..................................................................................................... 6

IV.   Arguments and Authorities......................................................................................... 7

V.    Conclusion ................................................................................................................... 8

Table of Authorities

**Cases**

*Campbell v. MBI Associates, Inc.*, 98 F.Supp.3d 568 (E.D.N.Y. 2015) ........................................ 7

*Excellent Home Care Servs., LLC v. FGA, Inc.*, No. 13-cv-5390, 2017 WL 4838306 (E.D.N.Y. Oct. 24, 2017) ................................................................................................................. 6

*Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255 (W.D.N.Y. 2012) ............................ 7

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) ............................................ 6

*Mark v. Gawker Media LLC*, No. 13-cv-4347 (AJN), 2015 WL 7288641 (S.D.N.Y. Nov. 16, 2015) .................................................................................................................................... 7

*Parneros v. Barnes & Noble, Inc.*, No. 18 Civ. 7834 (JGK) (GWG), 2019 WL 10966199, (S.D.N.Y. Aug. 16, 2019) .......................................................................................... 7

*Saint-Jean v. Emigrant Mortgage Co.*, No. 11-CV-2122 (SJ), 2016 WL 11430775 (E.D.N.Y. May 24, 2016) .......................................................................................................... 7

*Trudeau v. New York State Consumer Protection Bd.*, 237 F.R.D. 325 (N.D.N.Y. 2006) ............. 7

**Statutes**

15 U.S.C. § 1692e ......................................................................................................................... 5
15 U.S.C. § 1692e(10) ................................................................................................................... 5
15 U.S.C. § 1692g(b) ..................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 26(c) ..................................................................................................................... 6
Fed. R. Civ. P. 5.2(a) ..................................................................................................................... 6
Fed. R. Civ. P. 5.2(d) ..................................................................................................................... 6

## I.    <u>Introduction</u>

Defendant requests that this Court seal unredacted versions of the following documents, and Defendant will be filing these under seal separately:

1.    Exhibit 1 to the Affidavit of Thomas Perrotta, which is attached to Defendant's Statement of Additional Material Facts to which there Exists Genuine Issues of Disputed Fact Pursuant to Local Rule 56.1(b) as Exhibit A (Doc. 43–1, pp. 7-8), which are Defendant's Account Notes for Plaintiff's account;

2.    Exhibit 2 to the Affidavit of Thomas Perrotta which is attached to Defendant's Statement of Additional Material Facts to which there Exists Genuine Issues of Disputed Fact Pursuant to Local Rule 56.1(b) as Exhibit A (Doc. 43-1, pp. 10-11), which is the June 19, 2019 Letter sent to Plaintiff; and

3.    Exhibit 1 to the Declaration of Scott Astheimer, which is attached to Defendant's Statement of Additional Material Facts to which there Exists Genuine Issues of Disputed Fact Pursuant to Local Rule 56.1(b) as Exhibit B (Doc. 43-2, pp. 8-9), which is the June 19, 2019 Letter sent to Plaintiff.

Defendant has filed redacted versions of these documents with its Opposition to Plaintiff's Motion for Summary Judgment as they contain Plaintiff's personal and financial information. Defendant also has attached the redacted versions of the documents to this Memorandum of Law. Defendant seeks leave from this Court to file unredacted versions of these documents under seal so that this Court has the full version of the documents.

On April 9, 2021, Defendant filed a Motion to Seal these same documents that were included with Defendant's Motion for Summary Judgment. (Docs. 31-33).  On April 12, 2021, Your Honor granted that Motion. (Doc. 38).

## II.      Factual and Procedural Background

Plaintiff alleges that the June 19, 2019 Letter violates Sections 1692g(b), 1692e and 1692e(10) of the FDCPA because the least sophisticated consumer would be confused as to which address to use for mailing a dispute or a request regarding the name of the original creditor. (Doc. 1 at ¶¶ 35-65, 72-89). 15 U.S.C. §§ 1692e, 1692e(10), 1692g(b).

 Plaintiff also alleges that the multiple addresses overshadow the least sophisticated consumer's right to request verification information under Section 1692g(b) of the FDCPA. (Doc. 1 at ¶¶ 66-71).  Plaintiff claims that the least sophisticated consumer would be "frightened" of calling a collection agency because there was not "clear direction" as to where to mail a dispute or a request regarding the original creditor. (Doc. 1 at ¶¶ 55, 60).

Plaintiff also alleges that the least sophisticated consumer can interpret June 19, 2019 Letter to mean that payments must be mailed to the "first address" or the "second address."  (Doc. 1 at ¶¶ 96-99, 103, 105).  Plaintiff also alleges that because the letter could be open to more than one reasonable interpretation, one of which he claims is incorrect, the letter is in violation of 15 U.S.C. §§ 1692e and 1692e(10).  (Doc. 1 at ¶¶ 107-111).

On May 18, 2021, Defendant filed its Opposition to Plaintiff's Motion for Summary Judgment. (Docs. 42-43).  Defendant's Opposition to Plaintiff's Motion for Summary Judgment includes an Affidavit from Thomas Perrotta ("Affidavit"), who is Defendant's Compliance Manager, and a Declaration from Scott Astheimer ("Declaration"), who is the Vice President of Production Systems at RevSpring, which is Defendant's letter vendor.  (Docs. 43-1 and 43-2).  The Affidavit explains the history of Plaintiff's Account and references Defendant's Account Notes. (Doc. 43–1, pp. 7-8).

The Affidavit and Declaration also reference the June 19, 2019 Letter, which was sent to Plaintiff. (Doc.43-1, pp. 10-11; Doc. 43-2, pp. 8-9). Plaintiff redacted his account number and ID number when he filed a copy of this letter with his Complaint.  (Doc. 1-1). A copy of the Complaint is attached to this Memorandum of Law.

**III.     <u>Standard of Review</u>**

While common law provides the public the general right to access "judicial documents," courts may issue protective orders requiring that certain documents be filed under seal upon a showing of good cause. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see* Fed. R. Civ. P. 26(c). Good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *Excellent Home Care Servs., LLC v. FGA, Inc.*, No. 13-cv-5390, 2017 WL 4838306, at *6 (E.D.N.Y. Oct. 24, 2017) (internal quotations omitted). Providing further guidance, the Second Circuit determined that courts may grant motions for leave to file under seal where the sensitive documents or information: (1) have little to no relevance to the performance of the court's judicial function; (2) have little to no general relevance to the proper adjudication of the case; and (3) implicate privacy interests. *Id*. (citing *Lugosch*, 435 F.3d at 119–20). Specifically regarding personal financial information, the Federal Rules of Civil Procedure offer various levels of protection for social security numbers, dates of birth, and financial account numbers. *See* Fed. R. Civ. P. 5.2(a). Federal Rule of Civil Procedure 5.2(d) also provides that a court "may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2(d). Regardless of the applicable standard, the unreacted sensitive information at issue should be filed under seal, as further demonstrated below.

**IV.**     **Arguments and Authorities**

Courts within the Second Circuit have found personal financial information to be "presumptively confidential or cloaked with qualified immunity." *Trudeau v. New York State Consumer Protection Bd.*, 237 F.R.D. 325, 331 (N.D.N.Y. 2006) (internal citations omitted); *see Campbell v. MBI Associates, Inc.*, 98 F.Supp.3d 568, 588 (E.D.N.Y. 2015) (granting plaintiffs' Motion to Seal in this FDCPA case); *see also Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 262 (W.D.N.Y. 2012) (granting defendants' Motion to Seal in this FDCPA case because the documents contained "potentially sensitive financial information"). Beyond sensitive financial information, courts have been reluctant to disclose personal identifying information where such information is not central to the litigation. *See Parneros v. Barnes & Noble, Inc.*, No. 18 Civ. 7834 (JGK) (GWG), 2019 WL 10966199, at *1–*2 (S.D.N.Y. Aug. 16, 2019) (granting redaction of personal email addresses and names of unrelated third parties); *Saint-Jean v. Emigrant Mortgage Co.*, No. 11-CV-2122 (SJ), 2016 WL 11430775 (E.D.N.Y. May 24, 2016) (granting a Motion to Seal with regard to personal and financial information unrelated to the dispute); *Mark v. Gawker Media LLC*, No. 13-cv-4347 (AJN), 2015 WL 7288641 (S.D.N.Y. Nov. 16, 2015) (granting redaction of personal information including email addresses, phone numbers, bank account information, and names of unrelated third-parties).

Here, the documents Defendant seeks to file under seal include Plaintiff's personal information and account history.  Redacted versions of these same documents were publicly filed with Defendant's Opposition to Plaintiff's Motion for Summary Judgment.  (Docs. 43-1, pp. 7-8, 10-11; Doc. 43-2, pp. 8-9).  The sensitive information includes: Plaintiff's account history with Defendant, Plaintiff's account number that is associated with the financial obligation in this matter, and Plaintiff's personal information including his telephone number.

7

Defendant requests to file unredacted copies of these documents so that this Court has the entire record necessary to be able to rule on Plaintiff's Motion for Summary Judgment. Defendant submits that Plaintiff's personal identifying information, Plaintiff's account number, and Plaintiff's ID number are not central to this case. Defendant also submits that disclosure of Plaintiff's personal information and account history information could readily expose Plaintiff to financial harm.

## V.    Conclusion

Wherefore, Defendant respectfully requests that this Court grant Defendant leave to file the unredacted versions of certain exhibits to Defendant's Opposition to Plaintiff's Motion for Summary Judgment  under seal, in accordance with Federal Rule of Civil Procedure 26(c).

Respectfully Submitted:

**KAUFMAN DOLOWICH & VOLUCK, LLP**


By:    /s/ Richard J. Perr
      RICHARD J. PERR, ESQUIRE
      Four Penn Center
      1600 John F. Kennedy Blvd, Suite 1030
      Philadelphia, PA 19103
      (v) 215.501.7002; (f) 215.405.2973
      rperr@kdvlaw.com
      Attorneys for Defendant Penn Credit Corporation

Dated:  May 18, 2021

## CERTIFICATE OF SERVICE

I, RICHARD J. PERR, ESQUIRE, hereby certify that on or about this date, I served a true and correct copy of the foregoing electronically via CM/ECF on the following:

Craig B. Sanders, Esq.
Jonathan Mark Cader, Esq.
Barshay Sanders, PLLC
100 Garden City Plaza, 5th Floor
Garden City, NY 11530
jcader@barshaysanders.com
csanders@barshaysanders.com
Attorneys for Plaintiff Naftali Schmelczer

/s/ Richard J. Perr
RICHARD J. PERR, ESQUIRE

Dated:  May 18, 2021

4833-1728-2026, v. 1

9