**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NAFTALI SCHMELCZER, individually and on
behalf of all others similarly situated,

     Plaintiff,

    *-against-*

PENN CREDIT CORPORATION,

    Defendant.

Case No: 7:20-CV-02380-KMK

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

**BARSHAY SANDERS, PLLC**
*Attorneys for Plaintiff*

By: Jonathan M. Cader, Esq.
Craig B. Sanders, Esq.
Kara McCabe, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*jcader@barshaysanders.com*
*csanders@barshaysanders.com*
*kmccabe@barshaysanders.com*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

SUMMARY OF THE CASE .................................................................................................... 1

ARGUMENT ............................................................................................................................ 5

    I.    STANDARDS OF REVIEW .......................................................................... 6

        A.    Standard of Review for Summary Judgment ..................**Error! Bookmark not defined.**

        B.    Standard of Review under the FDCPA: The Least Sophisticated Consumer ......... **Error! Bookmark not defined.**

    II.    A CONSUMER'S *PRIMA FACIE* CASE UNDER THE FDCPA ... **Error! Bookmark not defined.**

    III.    DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ...............................................................................**Error! Bookmark not defined.**

    IV.    PLAINTIFF HAS ARTICLE III STANDING.................**Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

**Cases**

*American Girl, LLC, v. Zembrka d/b/a www.zembrka.com & www.daibh-idh.com*,
   No. 1:21-CV-02372 (MKV), 2021 WL 1699928 (S.D.N.Y. Apr. 28, 2021)............................. 8

*Amnesty Am. v. Town of W. Ha*rtford,
   361 F.3d 113 (2d Cir. 2004)..................................................................................... 5

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .......................................... 5

*Bourff v. Rubin Lublin, LLC*,
   674 F.3d 1238 (11th Cir. 2012).............................................................................. 11

*Camreta v. Greene*,
   563 U.S. 692, 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011) ................................... 8

*Clomon v. Jackson*,
   988 F.2d 1314 (2d Cir. 1993)................................................................................... 6

*Cohen v. Rosicki, Rosicki & Associates,*
   897 F.3d 75 (2d Cir. 2018)...................................................................................... 10

*Demote v. Client Services,*
   2015 WL 12556159  (S.D. Fla., July 29, 2015) ...................................................... 8

*DeSantis v. Computer Credit, Inc.,*
   269 F.3d 159 (2d Cir. 2001)..................................................................................... 6

*Eades v. Kennedy, PC Law Offices,*
   799 F.3d 161 (2d Cir. 2015)..................................................................................... 6

*Ellis v. Solomon & Solomon, P.C.,*
   591 F.3d 130 (2d Cir. 2010)..................................................................................... 6

*Eun Joo Lee v. Forster & Garbus LLP*,
   926 F.Supp.2d 482 (E.D.N.Y. 2013)....................................................................... 11

*Globecon Grp., LLC v. Hartford Fire Ins. Co.*,
   434 F.3d 165 (2d Cir. 2006)..................................................................................... 5

*Hess v. Cohen & Slamowitz LLP*,
   637 F.3d 117 (2d Cir. 2011)..................................................................................... 7

*Hillaire v. Delta Funding Corp.,*
   No. 98-7188, 2002 WL 31123860 (E.D.N.Y. Sept. 26, 2002)................................. 6

*Hooper v. Berryhill*,
No. 15-CV-6646 (JLC), 2017 WL 927843 (S.D.N.Y. Mar. 8, 2017) ...................................... 12

*Howe v. Receivables Performance Management, LLC,*
2019 WL 1296873 (S.D. Fla., March 21, 2019) ......................................................................... 9

*Huminski v. Corsones*,
396 F.3d 53 (2d Cir. 2004) ......................................................................................................... 5

*Jacobson v. Healthcare Fin. Servs., Inc.*,
516 F.3d 85 (2d Cir. 2008) ......................................................................................................... 6

*Kulhawik v. Holder*,
571 F.3d 296 (2d Cir. 2009) ..................................................................................................... 12

*Maguire v. Citicorp Retail Servs., Inc.*,
147 F.3d 232 (2d Cir. 1998) ....................................................................................................... 9

*Maximiliano v. Simm Assocs., Inc.*,
2018 WL 783104  (S.D. Fla., Feb 18, 2018) .............................................................................. 9

*Peters v. General Service Bureau, Inc.,*
277 F.3d 1051 (8th Cir. 2002) .................................................................................................... 6

*Peterson v. Syracuse Police Dep't*,
467 Fed.Appx. 31 (2d Cir. 2012) ............................................................................................. 11

*Quinteros v. MBI Associates, Inc.*,
999 F. Supp. 2d 434 (E.D.N.Y. 2014) ........................................................................................ 6

*Scalabrini v. PMAB, LLC*,
No. 18-CV-11152 (NSR), 2020 WL 1049167 (S.D.N.Y. Mar. 3, 2020) ................................... 9

*Suquilanda v. Cohen & Slamowitz, LLP*,
No. 10-CV-5868 (PKC), 2011 WL 4344044 (S.D.N.Y. Sept. 8, 2011) .................................... 7

*Tourgeman v. Collins Fin. Servs., Inc.*,
755 F.3d 1109 (9th Cir. 2014) .................................................................................................. 11

*U. S. v. Dhinsa*,
243 F.3d 635 (2d Cir. 2001) ..................................................................................................... 12

*Wallace v. Wash. Mut. Bank, F.A.*,
683 F.3d 323 (6th Cir. 2012) .................................................................................................... 11

iv

**Statutes**

15 U.S.C.
  § 1692............................................................................................................................ 1
  § 1692f........................................................................................................................ 11

Fed. R. Civ. P.
  56(c) ........................................................................................................................... 5
  56.................................................................................................................................. 1

Plaintiff Naftali Schmelczer ("*Plaintiff*"), by and through his undersigned attorneys, submits the instant memorandum in opposition to the Motion of Defendant, Penn Credit Corporation ("*Defendant*"), for summary judgment pursuant to Fed. R. Civ. 56.

## PRELIMINARY STATEMENT

Defendant's motion for summary judgment must be denied because it is both legally and factually misguided. As to the first point, the motion is legally misguided with respect to its Article III standing argument to the extent that it relies on case law from the Seventh and Eleventh Circuits, which reasoning has been rejected by the Second Circuit (as recently as one week ago). As to the second point, the motion is factually misguided to the extent that it relies on an argument that Defendant receives mail equally at each of the addresses in the Letter; a position that is not supported by the record which Defendant has put before the Court. Further to this point, to the limited extent that the evidence on which Defendant relies upon supports its position, it also operates to create a question of fact; an independent reason to deny the motion for summary judgment.

## SUMMARY OF THE CASE

As is more fully developed in Plaintiff's Motion for Summary Judgment [Dkt Nos. 34-37], in this action, Plaintiff alleges, *inter alia,* that the Letter failed to effectively communicate his validation rights, insofar as the Letter features multiple addresses for Defendant, but does not specify the address to which written disputes are to be sent. This is significant because, while a consumer may dispute a debt either verbally or in writing, if a dispute is lodged in writing, it is accompanied by a prohibition that the debt collector cease collection activity until such validation or verification has been provided. There is no such prohibition when a dispute is lodged verbally. Insofar as notifying a consumer of the right to suspend any collection efforts is anathematic to a debt collector's purpose of coercing payment, debt collectors have expended substantial resources

1

in crafting collection letters which purport to comply with the technical requirements of the statute, but at the expense of its spirit.  This cannot be countenanced by the Courts.

In moving for summary judgment, Defendant advances two primary arguments. First, Defendant argues that Plaintiff purportedly lacks Article III standing, on the grounds that the violation complained of is merely "procedural."  Second, Defendant argues that even if Plaintiff had standing, the violation complained of is not "material," because Defendant would have received and honored a written dispute regardless of the address to which such dispute was sent. Each of Defendant's arguments must be rejected.

As to the first point, Defendant's "standing" argument must be rejected insofar as the Second Circuit has held that a consumer has Article III standing to prosecute a claim under the FDCPA even if the violation complained of is merely "procedural."  As to the second point, Defendant has failed to establish that it would have received and honored a written dispute regardless of the address to which such dispute was sent.  To the contrary, the Affidavit on which Defendant relies states that the "return address" featured on the Letter is that of its letter vendor (RevSpring), and that RevSpring may *either* forward mail received at that address to Defendant, *or*, it may return such mail to the post-office or sender.  In other words, the documentation relied upon by Defendant fails to establish that it *would* receive *all* mail sent to either address on the Letter thereby, at best, creating a question of fact that cannot be resolved on the instant motion. At worst, the record establishes Plaintiff's position as espoused in its affirmative motion for summary judgment.

For all these reasons, as well as those set forth in Plaintiff's separately moving brief, it is respectfully submitted that cause exists to deny Defendant's motion for summary judgment in its entirety.

## STATEMENT OF FACTS[1]

On or about June 18, 2019, Suez New York retained Defendant to collect a delinquent utility bill allegedly owed by Plaintiff (the "*alleged Debt*"). *RSUF* at ¶ 1. On or about June 19, 2010, Defendant transmitted an electronic request to its letter vendor, RevSpring, to prepare and send out a letter to Plaintiff in its attempt to collect the alleged Debt. On June 20, 2019, RevSpring mailed a letter to Plaintiff, dated June 19, 2019 (*the Letter*) seeking to collect the alleged Debt. *RSUF* at ¶ 6; *Dkt. No.* 1-1.

The June 19, 2019 letter conveyed information regarding a purported debt owed by Plaintiff, arising out of a "delinquent utility bill" in the amount of $1,448,28 to SUEZ New York (the "*alleged Debt*"). *RSUF* at ¶ 2; *Dkt. No.* 1-1. Plaintiff was confused by the Letter for two (2) reasons. First, because he did not believe that he owed the sum to $1,448,28 to SUEZ New York. (*Dkt. No.* 36)[2] and second, because Plaintiff did not understand how to go about disputing the alleged Debt. That is because the header of the Letter features Defendant's name and logo in the upper-lefthand corner, but does not feature any address associated therewith. Immediately below the header, without salutation, the Letter reads as follows:

> "Our client has referred your delinquent account(s) referenced below for collection. Our client is serious about collecting all monies owed them [sic.] and I am sure your intentions are to honor your debt. Send payment using the enclosed envelope or you may go online to [website address] to make payment or contact our office to pay over the phone. Contact our office if you are unable to pay the amount due."

*Dkt. No.* 1-1.

Thereafter, the Letter features a paragraph purporting to be the validation notice required

---

[1]     The facts of this case are taken from Plaintiff's accompanying Response to Defendant's Statement of Undisputed Material Facts pursuant to Local Rule 56.1 ("RSUF"), unless otherwise indicated.

3

by § 1692g(a), which reads as follows:

> "Unless you notify **this office** within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, **this office** will assume this debt is valid.  If you notify **this office** in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, **this office** will obtain verification of the debt or obtain a copy of a judgment and [will] mail you a copy of such judgment or verification.  If you request **this office** in writing within 30 days after receiving this notice, **this office** will provide you with the name and address of the original creditor if different from the current creditor."

*Dkt. No.* 1-1 (emphases added).

While the Letter's "validation notice" instructs Plaintiff to contact Defendant at its "office" at least six (6) times, the Letter does not identify any address as being that of Defendant's "office." Instead, the only addresses featured in the letter appear in the bottom-third thereof, which instructs Plaintiff to "DETACH AND RETURN WITH PAYMENT TO EXPEDITE CREDIT TO YOUR ACCOUNT." *Id.* (all capitals font in original).  The Letter contains no instruction as to which address to use for submitting written disputes. *Id.*

Compounding the problem is that the "mailing coupon" does not feature one address for Defendant, it features two. *Id.*  The first address, located within the coupon, is: P.O Box 1259, Department 91047 Oaks, PA 19456 (the "Oaks, PA address"). *Id.*  The second address, located within the coupon, is: 2800 Commerce Drive PO Box 69703 Harrisburg, PA 17106-9703 (the "Harrisburg, PA address"). *Id.*  The Oaks, PA address belongs to RevSpring, whereas the Harrisburg, PA address belongs to Defendant. *RSUF* at ¶¶ 13-15.  The Letter fails to indicate that the Oaks, PA address belongs to RevSpring. *Dkt. No.* 1-1.

*Id.* Plaintiff's confusion was justified, insofar as all documents produced by Defendant in discovery show that the alleged Debt required written validation notice and the Letter does not explicitly and clearly identify an office address. *RSUF* at ¶ 1; *Dkt. No*. 1-1. Thus, given the appearance of the Coupon and the lack of clear instructions in the Payment Letter, this Court

previously held that Plaintiff has sufficiently stated a claim under the FDCPA. *Dkt. No. 20* at pp. 14. If RevSpring receives mail at the Oaks, PA address, ir may: (i) forward the mail to Penn Credit as a courtesy; (ii) return the white mail to the United States Postal Service ("USPS"); or (iii) return such mail to the sender. *RSUF* at ¶ 21.

## **ARGUMENT**

Defendant's motion for summary judgment must be denied because it is based on a fiction. Defendant has argued throughout that any confusion created by the fact that the Letter features two potential addresses for Defendant is "immaterial" insofar as Defendant would have purportedly received and honored a written dispute regardless of whether such dispute was sent to the Oaks, PA address or to the Harrisburg, PA address. Unfortunately, for Defendant, the evidence on which it relies does not support this position. More specifically, the evidence shows that the Oaks, PA address does not belong to Defendant but rather belongs to RevSpring; a third-party entity not associated with Defendant. The Letter does not disclose this fact to the recipient.

Further, and more importantly, the evidence does not establish that Defendant would have received any disputes or payments sent to the Oaks, PA address. To the contrary, the very evidence on which Defendant relies shows that RevSpring may take one of three actions with respect to mail received at the Oaks, PA address, *to wit*: it may: (i) forward the mail to Penn Credit as a courtesy; (ii) return the white mail to the United States Postal Service ("USPS"); or (iii) return such mail to the sender. *RSUF* at ¶ 21. That RevSpring *may* forward mail to Defendant *as a courtesy* does not establish a pattern of practice designed to ensure that Defendant will receive *all* mail sent to that address. As a result, even in the light most favorable to Defendant, which is not the standard of review for a motion brought under Fed. R. Civ. P. 56, Defendant's moving brief presents a question of fact that cannot be decided on summary judgment. Therefore, Defendant's motion must be denied.

5

Additionally, the Court should also deny Defendant's motion since the Court has already considered the exact same arguments advance by the parties and found Defendant's arguments insufficient to warrant granting the Defendant's motion to dismiss. *Dkt No.* 20. Accordingly, as none of the salient facts have changed since Defendant's Motion to Dismiss – and to the extent that they have they have become worse for Defendant since – and because Plaintiff still asks this Court to focus on the language of the letter itself, the Court should adhere to its earlier conclusions and hold that the least sophisticated consumer would be confused by the Letter and that it therefore fails to comport with the mandates of the FDCPA.

## I.     PLAINTIFF HAS ARTICLE III STANDING

Prior to addressing Defendant's arguments on the merits, Plaintiff will respond to Defendant's contention that he lacks Article III standing to prosecute the claims advanced herein. Defendant dedicates a significant portion of its brief to its contention that Plaintiff purportedly lacks Article III standing, however, those arguments are entirely without merit, to the extent that they rely on the Seventh Circuit's holding in *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019) and the Eleventh Circuit's holding in *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020) (and their respective progeny). Unfortunately for Defendant, the Second Circuit has not agreed with those decisions and held last week that a consumer who complains of a statutory violation of the FDCPA has Article III standing to prosecute same, regardless of whether the violation alleged is procedural or substantive. *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, No. 19-1774, 2021 WL 1846308, at *8 (2d Cir. May 10, 2021) (citing, *inter alia, Cohen v. Rosicki, Rosicki & Associates, P.C.*, 897 F.3d 75 (2d Cir. 2018) and *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016)). Because Defendant's argument is contrary to Second Circuit precedent (and does not otherwise address same), no further discussion is required.

Even if the Second Circuit had not directly addressed the issue of standing in *Maddox,* which it has, Defendant's argument would still have failed since Plaintiff has alleged injuries sufficient to confer Article III standing. In this regard, Plaintiff has demonstrated that he was misled and confused by the Letter. As a result of Plaintiff's confusion, he was unable to exercise his well-established rights afforded under the FDCPA, to wit, the right to demand validation of the alleged Debt. Specifically, Plaintiff has not alleged "mere confusion", the injury-in-fact, is a result of this confusion, which translated into an inability to dispute the debt fashioning a § 1692g violation. The 'no harm no foul' logic Defendant attempts to employ does not apply in the instant case nor is it controlling. See *Castillas v. Madison Ave. Assoc*., 926 F.3d 329, 331 (7th Cir. 2019). Here, as in *Maddox,* Plaintiff has alleged an injury sufficient to establish Article III standing. *Maddox v. Bank of New York Mellon Trust, Co.,* at \*12 citing *Spokeo*;   135 S. Ct. at 1549 ("a plaintiff … need not allege *additional* harm beyond the one Congress has identified." (emphasis in original) (citations omitted in original).

For the reasons stated above, plaintiff's injury is particular, concrete and actual. Therefore, plaintiff has Article III standing.

## II.   STANDARD OF REVIEW

Insofar as Defendant's Article III standing argument must be rejected, we next turn to the standard of review applicable to a motion for summary judgment.  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Wagner v. Chiari & Ilecki, LLP,* 973 F.3d 154, 164 (2d Cir. 2020) (citing Fed. R. Civ. P. 56(a). "Material facts are those which might affect the outcome of the suit under the governing law, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (citing *Coppola v. Bear Stearns & Co*., 499 F.3d 144, 148 (2d Cir. 2007).  In this regard, the "moving party bears the burden of showing that

7

he or she is entitled to summary judgment." *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2004). The Court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Ha*rtford, 361 F.3d 113, 122 (2d Cir. 2004); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

In moving for summary judgment, Defendant acknowledges the portion of Your Honor's decision which denied Defendant's motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), on the grounds that the inclusion of multiple addresses in the Letter was sufficient to state a claim of consumer confusion, but, nonetheless relies on the portion of the same decision wherein the Court held that 'the Letter would not be *materially* misleading if discovery shows that Defendant would have received and processed a dispute, regardless of the address to which such dispute was sent.' Def. Mem. at p. 8 (citing *Dkt. No.* 20 at p. 14).

In averring that it has met the second prong of this test, Defendant relies on the Affidavit of Scott Astheimer, the Vice President of Production Systems for RevSpring, for the premise that RevSpring would have forwarded it any payments or disputes received at the Oaks, PA address. Unfortunately for Defendant, that is not what the Astheimer Affidavit states. To the contrary, the Astheimer Affidavit states that RevSpring may do one of three things with mail it receives at the Oaks, PA address, *to wit,* it may: (i) forward the mail to Penn Credit as a courtesy; (ii) return the white mail to the United States Postal Service ("USPS"); or (iii) return such mail to the sender. *RSUF* at ¶ 21.

8

The fact that RevSpring may forward some mail to Defendant "as a courtesy," while it may return or reject other correspondence received at the Oaks, PA address, does not establish that Defendant would necessarily receive any and all disputes sent to that address. To the contrary, it leaves open questions of fact as to what happens with the mail that is returned or rejected (and the criteria by which such decisions are made). Therefore, Defendant has failed to sustain its burden of proof on summary judgment. Of equal significance is the fact that the Letter fails to inform Plaintiff that the Oaks, PA address belongs to RevSpring and/or is intended to be used for returning undeliverable mail to RevSpring only. Said otherwise, the two addresses in the Letter are not interchangeable; one belongs to Defendant and is one at which it receives *all* mail and the other belongs to RevSpring, a different company that may or may not forward to Defendant "as a courtesy" some of the mail received by RevSpring at its address. Respectfully, that is a far cry from Your Honor's requirement that Defendant would have received and processed a dispute, regardless of the address to which such dispute was sent. [Dkt. No. 20 at p. 14].

The foregoing observations are significant, insofar as the Second Circuit held in *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) that § 1692g clearly contemplates a "bifurcated scheme" through which consumers could dispute a debt. While a consumer can dispute a debt orally, only a dispute in writing will trigger a debt collector's obligation to provide verification or validation of a debt. The lodging of such a dispute also requires a debt collector to cease all collection activity until such validation or verification has been provided. As Your Honor observed in ruling on the motion to dismiss, the failure to effectively communicate a consumer's right to dispute an alleged debt in writing would operate to deprive the consumer of the "ultimate power" it otherwise has over a debt collector under § 1692g(b); *Hooks*, 717 F.3d at 286.

9

Because the very evidence relied upon by Defendant shows that there is at best a question of fact as to whether Defendant would have actually received any or all disputes sent by a consumer to the Oaks, PA address, and because the Court found that the Letter would plausibly confusing in the absence of such proof, Defendant is not entitled to summary judgment.

## CONCLUSION

For all the reasons set forth herein, as well as those set forth in Plaintiff's separately moving brief, it is respectfully submitted that cause exists to deny Defendant's motion for summary judgment in its entirety, together with such other and further relief as this Court deems just, equitable and proper.

Dated: Garden City, New York
      May 18, 2021

Respectfully submitted,

**BARSHAY SANDERS, PLLC**
By: s/ *Jonathan M. Cader*
Jonathan M. Cader, Esq.
Craig B. Sanders, Esq.
Kara McCabe, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*

10