UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAFTALI SCHMELCZER, individually and on behalf
of all others similarly situated,

Plaintiff,

-against-

Case No: 7:20-CV-02380-KMK

PENN CREDIT CORPORATION,

Defendant.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1(b)

Plaintiff Naftali Schmelczer, ("*Plaintiff*"), by and through his undersigned attorneys, hereby submits the following pursuant to Local Civil Rule 56.1(b) in reply to the Statement of Material Facts submitted by Defendant Penn Credit Corporation ("*Defendant*"), and avers as follows:

1.    On or about June 18, 2019, Suez New York placed Plaintiff, Naftali Schmelczer's ("Plaintiff" or "Schmelczer") account of $1,448.28 (the "Account") in collections with Penn Credit Corporation ("Penn Credit" or "Defendant"). (See Affidavit of Thomas Perrotta, dated April 6, 2021 ("Perrotta Affidavit") at ¶ 9, attached hereto as Exhibit A).

**Plaintiff's Response:**  It is not disputed that Defendant sent Plaintiff a letter dated June 19, 2019, in furtherance of their efforts to collect a debt allegedly owed, and that a copy of such letter is annexed to Plaintiff's Complaint as "Exhibit A."

2.    Penn Credit maintains its account notes in an electronic system called Fusion. ("Account Notes") (Perrotta Affidavit at ¶¶ 10-12, Exhibit A).

**Plaintiff's Response:** Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to

adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

3.    On June 19, 2019, Penn Credit transmitted an electronic request to its letter vendor, RevSpring, to prepare and send out a letter to Plaintiff. (Perrotta Affidavit at ¶ 13, Exhibit A; see Declaration of Scott Astheimer, dated April 5, 2021 ("Astheimer Declaration") at ¶ 9, attached as Exhibit B)

> **Plaintiff's Response:**  Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

4.    RevSpring is a company that provides document creation and delivery services for account receivables management companies, healthcare organizations, banking institutions, municipal and county governments, and telecommunication companies. (Astheimer Declaration at ¶ 5).

> **Plaintiff's Response:**  Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").  Since this allegation is immaterial to this action, subject to and without waiving the foregoing objections, it is not disputed that RevSpring is an independent letter vendor used by Defendant.

5. Penn Credit retained RevSpring to perform printing and mailing services. (Perrotta Affidavit ¶ 8, Exhibit A).

**Plaintiff's Response:** Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Since this allegation is immaterial to this action, subject to and without waiving the foregoing objections, it is not disputed that RevSpring is an independent vendor retained by Defendant to send letters, such as the Letter sent to Plaintiff.  .

6. On June 20, 2019, RevSpring mailed a letter to Plaintiff, dated June 19, 2019 ("the "Letter"), that sought to collect a balance of $1,448.28 owed to Suez New York on behalf of Penn Credit. (Perrotta Affidavit at ¶ 14, Exhibit A; Astheimer Declaration at ¶ 20, Exhibit B).

**Plaintiff's Response:** Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Since this allegation is immaterial to this action, subject to and without waiving the foregoing objections, it is not disputed that Defendant  sent a letter to Plaintiff dated June 20, 2019, seeking to collect an alleged debt.  This statement is disputed to the extent that the Letter is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803).  Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination.

7. The Letter was prepared by RevSpring on June 19, 2019 in accordance with Penn Credit's Form ID 91203-NEW-158 letter template. (Astheimer Declaration at ¶¶ 9-19, Exhibit B).

> **Plaintiff's Response:** Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Since this allegation is immaterial to this action, subject to and without waiving the foregoing objections, it is not disputed that Defendant sent a letter to Plaintiff dated June 20, 2019, seeking to collect an alleged debt. This statement is disputed to the extent that the Letter is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803). Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination.

8. The Form ID 91203-NEW-158 letter template includes fields for the following information: Creditor, ID Number, Total Balance Due, Phone Number, Service Rendered, Service Date, Account Number, Balance, Consumer Name, Street Address, and City/State/Zip information. (Astheimer Declaration at ¶ 11, Exhibit B).).

> **Plaintiff's Response:** Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Since this allegation is immaterial to this action, subject to and without waiving the foregoing objections, it is not disputed that Defendant sent a letter to Plaintiff dated June 20, 2019, seeking to collect an alleged debt. This statement is disputed to the extent that the Letter is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803). Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination.

9.    RevSpring prepared the Letter according to the Form ID 91203-NEW-158 template using electronic information from Penn Credit. (Astheimer Declaration at ¶ 18, Exhibit B).

> **Plaintiff's Response**: Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Since this allegation is immaterial to this action, subject to and without waiving the foregoing objections, it is not disputed that Defendant  sent a letter to Plaintiff dated June 20, 2019, seeking to collect an alleged debt.  This statement is disputed to the extent that the Letter is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803).  Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination.

10.  The Letter stated, "Send payment using the enclosed envelope or you may go online to http://account.penncredit.com to make payment or contact our office to pay over the phone." (Doc. 1-1, attached as Exhibit C, which is a copy of Plaintiff's Complaint; Perrotta Affidavit at ¶ 14, Exhibit A).

> **Plaintiff's Response**:  Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").  Since this allegation is immaterial to this action, subject to and without waiving the foregoing objections, it is not disputed that Defendant  sent a letter to Plaintiff dated June 20, 2019, seeking to collect an alleged debt.  This statement is disputed to the extent that the Letter is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay

(FRE 801, 802, 803). Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination.

11. The Letter also stated, directly above the detachable payment slip portion, "DETACH AND RETURN WITH PAYMENT TO EXPEDITE CREDIT TO YOUR ACCOUNT." (Doc. 1-1, at Exhibit C; Perrotta Affidavit at ¶ 14, Exhibit A)

> **Plaintiff's Response:** Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Since this allegation is immaterial to this action, subject to and without waiving the foregoing objections, it is not disputed that Defendant sent a letter to Plaintiff dated June 20, 2019, seeking to collect an alleged debt. This statement is disputed to the extent that the Letter is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803). Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination

12. Plaintiff's address was listed on the Letter as "27 POLNOYA RD, UNIT 302 SPRING VALLEY NY, 10977-8264." (Doc. 1-1, Exhibit C; Perrotta Affidavit at ¶ 14, Exhibit A) (emphasis in original).

> **Plaintiff's Response**: Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Since this allegation is immaterial to this action, subject to and without waiving the foregoing objections, it is not disputed that Defendant sent a letter to Plaintiff dated June 20, 2019, seeking to collect an alleged debt. This statement is disputed to the extent that the Letter is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay

(FRE 801, 802, 803).  Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination.

13.    Two addresses appear at the bottom of the Letter on the Letter's detachable payment slip. (Doc. 1-1, Exhibit C; Perrotta Affidavit at ¶ 14, Exhibit A). The address toward the bottom right-hand corner of the payment slip indicates Penn Credit's remittance address: "PENN CREDIT Box 69703 Harrisburg, PA 17106-9703." (Doc. 1-1, Exhibit C; Perrotta Affidavit at ¶¶ 14-15, Exhibit A; Astheimer Declaration at ¶ 14, Exhibit B).

> **Plaintiff's Response**: Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").  Since this allegation is immaterial to this action, subject to and without waiving the foregoing objections, it is not disputed that Defendant sent a letter to Plaintiff dated June 20, 2019, seeking to collect an alleged debt. This statement is disputed to the extent that the Letter is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803).  Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination.

14.    The Letter's payment slip included a return address field in the top-left with the address "P.O. Box 1259, Department 91047 Oaks, PA 19456" ("Oaks, PA Address"). (Doc. 1-1, Exhibit C; Perrotta Affidavit at ¶ 14, Exhibit A; Astheimer Declaration at ¶¶ 15-17, Exhibit B).

> **Plaintiff's Response**: Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments

are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Since this allegation is immaterial to this action, subject to and without waiving the foregoing objections, it is not disputed that Defendant sent a letter to Plaintiff dated June 20, 2019, seeking to collect an alleged debt. This statement is disputed to the extent that the Letter is a document which speaks for itself (FRE 1002) and Defendant's paraphrasing or construction thereof is inadmissible hearsay (FRE 801, 802, 803). Plaintiff refers all questions of document construction and/or the legal significance thereof (if any) to the Court for determination.

15.    The Oaks, PA Address is used by RevSpring to receive and process mail deemed undeliverable as addressed by the United States Postal Service ("USPS"). (Astheimer Declaration at ¶ 17 Exhibit B).

> **Plaintiff's Response**: Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment"). Subject to and without waiving the foregoing objections, this statement is disputed to the extent that the Letter fails to indicate that the Oaks, PA Address does not belong to Defendant but, in fact, belongs to RevSpring. .

16.    RevSpring mailed the Letter in an envelope that contained two glassine windows, which is identified by OSE-103-H-0 on the envelope's rear side. (Astheimer Declaration at ¶ 20, Exhibit B).

> **Plaintiff's Response**: Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment")..

Subject to and without waiving the aforementioned objections, this statement isnot disputed to the extent that Plaintiff acknowledges having received the Letter in an envelope.

17.    Exhibit 3 to the Astheimer Declaration is a true and correct copy of the Letter

that was placed in an exemplar of an OSE-103-H-0 envelope as when Plaintiff would have

received the Letter. (Astheimer Declaration at ¶ 21, Exhibit B). This shows that the Oaks,

PA Address is visible through the top window in the left-hand corner of the envelope, and

Plaintiff's address is visible through the bottom window. (Id.)

> **Plaintiff's Response**:  Objection. This is not a "material fact" within the meaning of Rule 56, insofar as the statement concerning the envelope in which the Letter was sent *to* Plaintiff has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

18.    When RevSpring mailed the Letter it also included a return envelope, which has

one glassine window and is marked BRE-104-E-0. (Astheimer Declaration at ¶ 22, Exhibit

B).

> **Plaintiff's Response**:  Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

Subject to and without waiving the aforementioned objections, this statement is disputed to the extent that the averments set forth in the Astheimer Declaration are entirely conclusory, and to not establish that any such return envelopes were included with *this* Letter.

19. Exhibit 5 to the Astheimer Declaration is a true and correct copy of the detachable payment slip from the Letter that was placed in an exemplar of the BRE-104-E-0 envelope as Plaintiff would have originally received with the Letter. (Astheimer Declaration at ¶ 23, Exhibit B).

**Plaintiff's Response**:
Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

Subject to and without waiving the aforementioned objections, this statement is disputed to the extent that the averments set forth in the Astheimer Declaration are entirely conclusory, and to not establish that any such return envelopes were included with *this* Letter.

20. When the detachable payment slip portion of the Letter is placed in the return envelope, only the address clearly marked: "PENN CREDIT PO Box 69703 Harrisburg PA, 17106-9703" is visible. (Astheimer Declaration at ¶¶ 22-23, Exhibit B).

**Plaintiff's Response**:
Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of

the suit under the governing law will properly preclude the entry of summary judgment").

Subject to and without waiving the aforementioned objections, this statement is disputed to the extent that the averments set forth in the Astheimer Declaration are entirely conclusory, and to not establish that any such return envelopes were included with *this* Letter.

21.    Should an individual, receive a letter in accordance with Penn Credit's Form ID 91203-NEW-158 letter template, and then send any correspondence or payments to the return Oaks, PA Address, RevSpring would forward the mail to Penn Credit as a courtesy, or return the white mail to the USPS as return to sender if there was any doubt regarding the intended address for the enclosed correspondence. (Astheimer Declaration at ¶ 24, Exhibit B).

> **Plaintiff's Response**:  Objection.  Local Rule 56.1(a) requires that a party's statements in a Statement of Material Facts be "short and concise," and set forth in separately numbered paragraphs.  The above statement does not comply with this Rule insofar as it is needlessly compound and complex..
>
> Subject to and without waiving the aforementioned objections, this statement is disputed to the extent that it is offered for the purpose of showing that RevSpring will forward all mail received at the Oaks, PA address to Defendant, insofar as the statement indicates that RevSpring will *either* return mail received at the Oaks, PA address to the sender *or* forward mail to Defendant.

22.    Thus, had Plaintiff sent any correspondence or payments to the return Oaks, PA Address, RevSpring as part of its regular pattern and practices would have forwarded said correspondence or payments to Penn Credit or returned the correspondence or payments to Plaintiff. (Astheimer Declaration at ¶ 25, Exhibit B).

> **Plaintiff's Response**:  Objection. Local Rule 56.1(a) requires that a party's statements in a Statement of Material Facts be "short and concise," and set forth in separately numbered paragraphs.  The above statement does not comply with this Rule insofar as it is needlessly compound and complex.  .  Subject to and without waiving the foregoing objection, this statement is disputed, to the extent

that it equivocates as to whether RevSpring would forward mail received at its return address to Defendant or whether such mail would be returned to the sender.

23.     If RevSpring had forwarded Penn Credit any correspondence, which was received at P.O. Box 1259, Department 91047 Oaks, PA 19456, including but not limited to requests for validation and the original creditor and disputes concerning a financial obligation, or any payments, from Schmelczer or any individual that were mailed to RevSpring but intended for Penn Credit, Penn Credit would process all such correspondence and payments. (Perrotta Affidavit at ¶ 16, Exhibit A).

> **Plaintiff's Response**:   Objection. Local Rule 56.1(a) requires that a party's statements in a Statement of Material Facts be "short and concise," and set forth in separately numbered paragraphs.  The above statement does not comply with this Rule insofar as it is needlessly compound and complex.
>
> Subject to and without waiving the foregoing objection, this statement is disputed to the extent that it is completely hypothetical; as it is necessarily dependent on the fiction that RevSpring would have forwarded a dispute received from Plaintiff to Defendant.  It does not answer the question as to what would happen to disputes or payments that RevSpring would have returned to the post office, which RevSpring admits it does.

24.     RevSpring promptly forwards mail to Penn Credit. (Perrotta Affidavit at ¶17, Exhibit A).

> **Plaintiff's Response**:  Disputed.  This statement is not supported by citation to proper evidence, insofar as the Astheimer Declaration states that RevSpring may forward some mail received at its return address to Defendant, while other mail may be returned to the sender, and the Astheimer Declaration does not provide any qualification or clarification as to when either result may occur.

25.     Penn Credit never received any written correspondence or payments from Plaintiff. (Perrotta Affidavit at ¶ 18, Exhibit A)

> **Plaintiff's Response**:  It is not disputed that Defendant never received any written correspondence or payments from Plaintiff, insofar as Plaintiff was confused as

to which address was to be used for sending such payment or dispute and was afraid of calling Defendant for clarification. *Dkt. No.* 36 at ¶¶ 8-14.

26.    Penn Credit never received any written correspondence from RevSpring in the mail or via electronic means regarding Plaintiff. (Perrotta Affidavit at ¶ 19, Exhibit A).

**Plaintiff's Response**:
Objection. This is not a "material fact" within the meaning of Rule 56, insofar as this statement has no bearing on the question of whether Defendant's Letter violated the applicable provisions of the FDCPA by failing to adequately communicate the address to which written disputes and/or payments are to be sent, as is set forth more fully in the Complaint. Accordingly, this statement need not be responded to. See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505 (1986) ("[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment").

Subject to and without waiving the aforementioned objections, it is not disputed that Defendant never received any written correspondence or payments from Plaintiff, insofar as Plaintiff was confused as to which address was to be used for sending such payment or dispute and was afraid of calling Defendant for clarification. *Dkt. No.* 36 at ¶¶ 8-14...

Dated:    May 18, 2020

Respectfully submitted by:

By:    /s *Jonathan M. Cader*
Jonathan M. Cader, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel. (516) 203-7600
Email:*jcader@BarshaySanders.com*
*Attorneys for Plaintiff*