**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NAFTALI SCHMELCZER, individually and on behalf of others similarly situated,

               Plaintiff,

               -against-

PENN CREDIT CORPORATION,

               Defendant.

Case No: 7:20-CV-02380-KMK

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**BARSHAY SANDERS, PLLC**
*Attorneys for Plaintiff*

By:    Jonathan M. Cader, Esq.
        Craig B. Sanders, Esq.
        Kara McCabe, Esq.
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 282-7878
        *kmccabe@barshaysanders.com*
        *jcader@barshaysanders.com*
        *csanders@barshaysanders.com*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................... i

TABLE OF AUTHORITIES .......................................................................................................ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .............................................................................................................................. 3

    I.    PLAINTIFF HAS ESTABLISHED ARTICLE III STANDING ....................................... 4

    II.    DEFENDANT FAILS TO DISPROVE PLAINTIFF'S ENTITLEMENT TO SUMMARY JUDGMENT AS A MATTER OF LAW .................................................................................. 5

    III.    DEFENDANT'S LAW OF THE CASE ARGUMENT IS UNAVAILING.................... 7

    IV.    THE LETTER IS VISUALLY CONFUSING AND VIOLATES THE FDCPA AS A MATTER OF FACT AND LAW .......................................................................................... 8

CONCLUSION...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Adler v. Penn Credit Corp.*,
No. 19-CV-7084 (KMK), 2020 WL 4474624 (S.D.N.Y. Aug. 3, 2020) ............................... 6, 9

*Arizona v. California*,
460 U.S. 605 (1983) ...................................................................................................... 8

*Casillas v. Madison Avenue Associates, Inc..*,
926 F. 3d 329 (7th Cir. 2019) ........................................................................................ 4

*Clomon v. Jackson*,
988 F.2d 1314 (2d Cir. 1993) ........................................................................................ 5

*Cohen v. Rosicki, Rosicki & Associates, P.C.*,
897 F.3d 75 (2d Cir. 2018) ............................................................................................ 4

*Datiz v. Int'l Recovery Assocs., Inc.*,
No. CV153549ADSAKT, 2018 WL 3751920 (E.D.N.Y. July 27, 2018), *report and
recommendation adopted*, No. 215CV03549ADSAKT, 2018 WL 4561461 (E.D.N.Y. Sept. 24,
2018), *order amended on reconsideration*, No. 215CV03549ADSAKT, 2019 WL 1900472
(E.D.N.Y. Apr. 29, 2019) ............................................................................................... 8

*Dillard v. FBCS, Inc.*,
No. 19-CV-968, 2020 WL 4937808 (E.D.N.Y. August 24, 2020) ............................................ 9

*Easterling v. Collecto, Inc.*,
692 F.3d 229 (2d Cir. 2012) ........................................................................................... 7

*Gangsburg v. Credit Control, LLC*,
No. 18-CV-5054, 2020 WL 1862928 (E.D.N.Y. Feb. 27, 2020) ............................................. 9

*Gissendanner v. Enhanced Recovery Co., LLC*,
793 F. App'x 5 (2d Cir. 2019) ........................................................................................ 3

*Maddox v. Bank of New York Mellon Tr. Co., N.A.*,
No. 19-1774, 2021 WL 1846308 (2d Cir. May 10, 2021) .......................................................... 4

*McCarthy v. Dun & Bradstreet Corp.*,
482 F. 3d 184 (2d Cir. 2007) .......................................................................................... 5

*Musarra v. Balanced Healthcare Receivables, LLC*,
   No. 19CV5814ARRRML, 2020 WL 1166449 (E.D.N.Y. Mar. 11, 2020) ............................ 6, 9

*Park v. Forster & Garbus, LLP,*
   No. 19-CV-3621, 2019 WL 5895703 (E.D.N.Y. March 6, 2019) ......................................... 8, 9

*Saraci v. Convergent Outsourcing, Inc.*,
   No. 18-CV-6505, 2019 WL 1062098 (E.D.N.Y Mar. 6, 2019) ............................................ 6, 9

*Spokeo, Inc. v. Robins,*
   136 S.Ct. 1549, 194 L.Ed.2d 635 (2016) .............................................................................. 5

*Strubel v. Comenity Bank*,
   842 F.3d 181 (2d Cir. 2016)................................................................................................... 4

*Tracy v. Freshwater,*
   623 F. 3d 90 (2d Cir. 2010)................................................................................................... 5

*Trichell v. Midland Credit Mgmt.*,
   964 F.3d 990 (11th Cir. 2020)............................................................................................... 4

**Statutes**

15 U.S.C.
   § 1692e .................................................................................................................................. 1
   § 1692g.............................................................................................................................. 1, 7
   § 1692g(b) ...................................................................................................................... 1, 3, 5

**Rules**

Fed. R. Civ. Pro.
   56.......................................................................................................................................... 1

Plaintiff Naftali Schmelczer ("*Plaintiff*"), submits the instant memorandum in further support of his motion for summary judgment against Defendant, Penn Credit Corporation, ("*Defendant*") pursuant to Fed. R. Civ. Pro. 56.

## PRELIMINARY STATEMENT

Defendant's opposition is little more than a carbon copy of the brief filed in support of its separate motion for summary judgment (*Dkt. No. 30*)[1]. To this end, it encompasses the same numerous deficiencies set forth in Plaintiff's opposition thereto. (*Dkt. No. 47*)[2]. Despite, or indifferent to its sophistry, Defendant fails to apprehend the basic and inherent confusion created in the Letter by its failure to clearly and effectively communicate Plaintiff's validation rights under § 1692g(b), thereby violating *inter alia* subsections (g) and (e) of § 1692 of the FDCPA ("*Fair Debt Collection Practices Act*"). In sum, Defendant's opposition is simply a canard, and does little more than illustrate how this case was (and continues to be) over-litigated.

As the Court previously observed, "Plaintiff argues that the Payment Letter is defective because it contains multiple addresses and does not specify which address to use to dispute the debt or send payment." *Dkt. No. 20* at p. 9. "Plaintiff also alleges that the Letter violates 15 U.S.C. § 1692g(b) because it overshadows and is inconsistent with Defendant's disclosure of Plaintiff's right to dispute the debt, verify the debt, and request the name and address of the original creditor." *Id.* In rejecting Defendant's "glassine window envelope" argument (advanced prominently here), Your Honor stated: "the Court concludes that the envelope would not cure the possible confusion.

---

[1]    Indeed, Defendant has included a compete restatement of the Rule 56.1 Statement filed in support of its motion for summary judgment (*Dkt. No.* 29) as a component of its Rule 56.1 counterstatement in response to Plaintiff's motion (*Dkt. No.* 43).

[2]    To the extent that any response is needed to Defendant's gratuitous inclusion of its moving Rule 56.1 Statement as a component of its opposition to the instant motion, in the interests of judicial economy, Plaintiff refers the Court to his Rule 56.1 counterstatement (*Dkt. No.* 48).

Because 'the Coupon, crowded with three addresses, is visually confusing, a least sophisticated consumer could be confused about what to make of the multiple addresses, and wonder whether the correct one was displayed in the glassine window'." *Dkt. No.* 20 at p. 13.  Notwithstanding the foregoing, Your Honor held that "if it was possible for a consumer to send a dispute to any of the [two] addresses and have it properly processed, the [Payment] [L]etter would not be materially misleading." *Id.* (alterations in original).

Despite the Court having framed the particular issue it sought to be addressed, Defendant's opposition does not resolve this question in its favor.  To the contrary, Defendant's opposition relies on the Declaration of Scott Astheimer, Vice President of Production Systems for RevSpring, who states that, when mail is received at the Oaks, PA address, one of three outcomes is possible. More specifically, RevSpring: (i) *may* forward mail so received to Defendant *as a courtesy*; (ii) *may* return the "white mail" to the USPS; or (iii) *may* return the mail to the sender.  *Dkt. No.* 29-2 at 24 (emphases added).  Because Defendant's opposition fails to show that a payment or dispute sent by a consumer to the RevSpring address *would* be received and processed by Defendant, setting aside Plaintiff's further argument that the provision of multiple addresses would cause Plaintiff to be incapable of responding to the Letter without the necessity of calling Defendant to do so, the confusion of which Plaintiff complains is real.

Notwithstanding what should be the obvious nature of the Letter's inherent confusion, especially to the Least Sophisticated Consumer (the "*LSC*") (as was clearly articulated by the Court), Defendant continues to vexatiously multiply the proceedings to an end that simply cannot come to pass, insofar as its own statements support Plaintiff's position. Because the critical salient facts that have changed since the earlier motion to dismiss cycle are all to the detriment of Defendant, and because this motion still asks the Court to focus on the language of the Letter itself,

the Court should adhere to its prior determination and find that the least sophisticated consumer would be confused by the Letter and, therefore, hold that the Letter does not comply with the mandates of the FDCPA.

## **ARGUMENT**

Plaintiff is entitled to summary judgment in this case insofar as Defendant's opposition establishes all the facts needed for Plaintiff to prevail. Certainly, the Letter's violations are material, where the resulting confusion eventuated into Plaintiff entirely forgoing his exercise of the rights afforded under § 1692g(b). Further, had Plaintiff blindly attempted to exercise his validation rights and chose to forward his validation demand to the RevSpring service address (which, importantly, is not labeled on the Letter as belonging to RevSpring), it was more than a mere possibility that the validation demand would have been returned to Plaintiff rather than forwarded as a "courtesy" to Defendant. It is axiomatic, therefore, that the provision of multiple addresses in the Letter without designation as to which was the valid address to be used (100% of the time) makes the Letter materially false and misleading. In its opposition, Defendant seeks to obfuscate the unfavorable admissions set forth in the affidavits it procured which now form the record for this matter.[3] For these reasons, it necessarily follows that Plaintiff is entitled to summary judgment.

---

[3]     Indeed, Defendant's "materiality" argument is entirely misplaced, to the extent that the Second Circuit has found a materiality component with respect to § 1692e claims, but, has not made a similar finding with respect to § 1692g claims. *See, e.g., Gissendanner v. Enhanced Recovery Co., LLC*, 793 F. App'x 5, 6 (2d Cir. 2019) ("We have also recently held that § 1692**e** incorporates a materiality requirement"). Although Plaintiff has responded, in part, to Defendant's argument, he does not concede that § 1692g contemplates a materiality requirement, as does § 1692e.

## I.    PLAINTIFF HAS ESTABLISHED ARTICLE III STANDING

Defendant dedicates a substantial (if not inordinate) portion of its brief to the contention that Plaintiff's motion for summary judgment should be denied insofar as he purportedly lacks standing under Article III.  This argument is unavailing because the Second Circuit recently held that the deprivation of a consumer's informational rights, protected by federal statute, can form the basis of an actionable FDCPA claim.  *See Maddox v. Bank of New York Mellon Tr. Co., N.A.*, No. 19-1774, 2021 WL 1846308 (2d Cir. May 10, 2021) (citing *Strubel v. Comenity Bank*, 842 F.3d 181 (2d Cir. 2016) (holding that a consumer did have Article III standing to challenge the bank's alleged failure to provide her with information about (1) "certain identified consumer rights" related to yet-unpaid credit card purchases, and (2) the manner in which Strubel was required to contact the bank in instances where she was dissatisfied with a credit card purchase) and *Cohen v. Rosicki, Rosicki & Associates, P.C.,* 897 F.3d 75 (2d Cir. 2018) (holding that a consumer did have Article III standing to assert a claim that the debt collector failed to correctly identify the name of the creditor to whom an alleged debt was owed)).  The Second Circuit's holding in *Cohen* is critical to the analysis herein, to the extent the Court held that the consumer was not deprived of Article III standing, despite the fact that he had learned the true identity of his putative creditor by the time his FDCPA action was filed.

As a result of the foregoing, the Second Circuit necessarily rejected the analyses articulated by the Seventh Circuit in *Casillas v. Madison Avenue Associates, Inc..*, 926 F. 3d 329 (7th Cir. 2019) and the Eleventh Circuit's decision in *Trichell v. Midland Credit Mgmt.*, 964 F.3d 990 (11th Cir. 2020), upon which Defendant relies, even if such rejection was merely by implication.

Because the Second Circuit held that "where a material risk of concrete harm is presented— [a consumer] need not allege any *additional* harm beyond the one [the legislature] has identified" even if the threat did not "eventuate."  *Maddox,* 2021 WL 1846308 at *8.  Distinctly, the Plaintiff

4

here, was harmed and his injury far exceeds "a bare procedural violation, divorced from any concrete harm, [to] satisfy the injury-in-fact requirement of Article III." See *Id*, citing *Spokeo, Inc. v. Robins,* 136 S.Ct. 1549, 194 L.Ed.2d 635 (2016). Defendant's opposition cites to all but the case that matters in this Circuit, and therefore, should be rejected out-of-hand.

## II.    DEFENDANT FAILS TO DISPROVE PLAINTIFF'S ENTITLEMENT TO SUMMARY JUDGMENT AS A MATTER OF LAW

"To determine if a disputed fact is material, the court examine[s] whether "it might affect the outcome of the suit under governing law."" *Tracy v. Freshwater,* 623 F. 3d 90, 95 (2d Cir. 2010) (quoting *McCarthy v. Dun & Bradstreet Corp.,* 482 F. 3d 184, 202 (2d Cir. 2007)). Here, Plaintiff maintains that it is immaterial of whether or not RevsSring would have forwarded a payment or correspondence (which, according to Defendant, may happen in only one-third of such instances), because the confusion complained of resulted from Plaintiff's inability to effectuate the protections afforded under § 1692g (b). Nevertheless, in response to Defendant's contentions, the coupon of the Letter instructs that the coupon should be "detach[ed] and return[ed] with payment to expedite credit to [an] account." The "coupon," however, includes three different addresses, only one of which is Plaintiff's. The Oaks. PA Address is on the top left corner of the Coupon, and the Harrisburg, PA Address is on the bottom right. *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). Both the Oaks, PA and Harrisburg, PA Addresses are P.O. boxes, and neither is highlighted or specifically denoted as the correct address. *Clomon*, 988 F.2d 1314 at 1319). The Letter does not provide further instruction on which address to use for submitting written disputes.

Although Defendant argues that any possible confusion would be cured by use of the envelope purportedly included with the Letter, which had a "glassine window" through which only the "correct address" would be visible, (Def.'s Opp. 12), it remains the case that "[t]he [C]oupon, crowded with three addresses, is visually confusing," particularly given that it is not formatted like

5

a standard envelope. *Dkt. No.* 20 at p. 11 (citing *Adler v. Penn Credit Corp.*, No. 19-CV-7084 (KMK), 2020 WL 4474624, at *5 (S.D.N.Y. Aug. 3, 2020) (quotation marks omitted) (citing *Musarra v. Balanced Healthcare Receivables, LLC*, No. 19CV5814ARRRML, 2020 WL 1166449, at *6 (E.D.N.Y. Mar. 11, 2020)). As such, "[a] least sophisticated consumer could be confused about what to make of the multiple addresses, and wonder whether the correct one was displayed in the glassine window," *id.*, or, if the consumer misplaced or disposed of the allegedly provided envelope, the consumer could be confused about how to address an envelope of his or her own. Further to this point, the validation demand would be a separate piece of correspondence (that itself would be typically addressed) and would not be a payment for which the payment coupon instructs the LSC to "DETACH AND RETURN WITH PAYMENT TO EXPEDITE CREDIT TO YOUR ACCOUNT."  (all caps in original)

Additionally, Defendant fails to present sufficient evidence to prove the Letter's confusing nature was not material. Here, unlike in *Saraci,* the inclusion of the multiple addresses inhibited Plaintiff from mailing a written letter to dispute the debt in its entirety[4]. To that end, Plaintiff contends that the inclusion of multiple addresses is deceptive and materially misleading because the Letter does not direct the consumer to the correct address for mailing disputes. Second, Plaintiff argues that the least sophisticated consumer would be confused as to whether they should mail their dispute to the Harrisburg address or the Oaks, Pennsylvania address, because the direction to mail a dispute to "this office" does not make clear which address is correct. This paired with the fact that had Plaintiff sent a written dispute to the Oaks, PA address it was uncertain, to say the least, whether his dispute would have been received by Penn Credit greatly differentiates the

---

[4]     *Saraci v. Convergent Outsourcing, Inc.*, No. 18-CV-6505, 2019 WL 1062098, at *2-3 (E.D.N.Y Mar. 6, 2019).

instant case from *Saraci*. That is because there is no support for Defendant's contention that "[t]he Perrotta Affidavit and Astheimer Declaration 'unequivocally and indisputably demonstrate' that payments, disputes, and requests for the original creditor would have been accepted at either address." *Dkt. No.* 42 at p. 2. To the contrary, the Perrotta Affidavit and Astheimer Declaration show that this contention is far from being "unequivocal" or "indisputable." To the contrary, the Astheimer Declaration states that RevSpring: (i) *may* forward mail so received to Defendant *as a courtesy*; (ii) *may* return the "white mail" to the USPS; or (iii) *may* return the mail to the sender. *Dkt. No.* 29-2 at 24 (emphases added).

Therefore, by Defendant's own admissions, the Astheimer Declaration offers insight to the issue at the very heart of Plaintiff's claim. From this, only one logical conclusion can be made; the Letter was materially confusing and misleading. As such, Defendant fails to adequately prove that the Letter's defalcation does not satisfy the materiality requirement. That is because the Letter fails to properly direct the debtor to which address his dispute should be sent to, and given the proof offered by Defendant that had Plaintiff sent a written dispute to the wrong address Penn Credit may never have received it, the collection notice would be open to more than one reasonable interpretation one of which is wrong. *See Easterling v. Collecto, Inc.,* 692 F.3d 229, 233 (2d Cir. 2012). In consequence, Defendant failed to present sufficient evidence to create a genuine issue of material fact as to whether the Letter violates the FDCPA. Accordingly, because the provision of multiple addresses is inherently misleading and deceptive, and there is insufficient evidence to create a genuinely issue of material fact, it is clear that Defendant violated § 1692g and e.

## III. <u>DEFENDANT'S LAW OF THE CASE ARGUMENT IS UNAVAILING</u>

In the next prong of its opposition, Defendant argues that the "law of the case" doctrine should not be applied herein. This argument should be rejected because the Court set the proverbial rules of engagement in its decision and Order denying Defendant's motion to dismiss. As was

stated above, the Court held that the format of the Letter—which was otherwise visually confusing—may not give rise to a claim of confusion, but <u>if and only if</u> Defendant would have received a payment or dispute, regardless of the address to which it was sent. In answering this question in the negative, Defendant's evidence shows that it would have received such dispute or payment, only if RevSpring exercised its discretion to forward such mail "as a courtesy" to Defendant. This is not what the FDCPA requires and, if a dispute does not timely reach Defendant, it allows Defendant to take the position that any such dispute is untimely and need not be honored.

To this end, Plaintiff urges the Court should to deviate from its prior analysis, opinion, and ruling. Additionally, the Court should lend little credence, if any, to Defendant's materiality argument since had that been Your Honor's ruling the case would have been dismissed at that time. Nothing has changed from the time of the Court's denial of Defendant's motion to dismiss (*Dkt. No.* 20) until the time of the instant motion (other than Defendant's admission that the addresses in the Letter were not interchangeable) and therefore, the Court should find that Plaintiff is entitled to summary judgment, regardless of whether it applies the "law of the case" doctrine or simply reaches the same conclusion as a matter of law as it had earlier[5].

## IV.   THE LETTER IS VISUALLY CONFUSING AND VIOLATES THE FDCPA AS A MATTER OF FACT AND LAW

In a final effort to convince the Court of its position, Defendant again refers to *Park v. Forster & Garbus, LLP,* No. 19-CV-3621, 2019 WL 5895703, at 4-5 (E.D.N.Y. March 6, 2019).

---

[5]   *Datiz v. Int'l Recovery Assocs., Inc.*, No. CV153549ADSAKT, 2018 WL 3751920, at *14 (E.D.N.Y. July 27, 2018), *report and recommendation adopted*, No. 215CV03549ADSAKT, 2018 WL 4561461 (E.D.N.Y. Sept. 24, 2018), *order amended on reconsideration*, No. 215CV03549ADSAKT, 2019 WL 1900472 (E.D.N.Y. Apr. 29, 2019). (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983) ("[T]he [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

Unfortunately for Defendant, Your Honor previously distinguished the findings in *Park* from the instant matter in the Court's prior Order. (*Dkt No*. 20)

> "Here, unlike *Park* and consistent with *Adler*, the addresses are "in close proximity," there are no instructions, and the Harrisburg Address is not emphasized. See *Adler*, 2020 WL 4474624, at *5" (*Dkt No*. 20 at *12 of 14).

Defendant's further reliance on *Saraci* is equally misguided.  The basis of the hold in *Saraci*, was that a letter containing the defendant's address three times, each time below the defendant's name, could not support an FDCPA claim. The instant case does not present facts analogous to those in *Saraci,* warranting a consistent finding. See also *Dillard v. FBCS, Inc.,* No. 19-CV-968, 2020 WL 4937808, at *4 (E.D.N.Y. August 24, 2020) (granting a motion to dismiss where the correct address appeared "three separate times on the front of [a collection] letter" and "[i]n reach instance, the same address appears directly below [the d]efendant's name in bold letter.") As previously observed, the Harrisburg Address does not appear three times nor is any address listed with "Penn Credit" directly above it. Compare *Gangsburg v. Credit Control, LLC,* No. 18-CV-5054, 2020 WL 1862928, at *1 (E.D.N.Y. Feb. 27, 2020) (dismissing complaint where the correct address "appeared on the letter three times, each under the defendant's name").

Furthermore, as in *Adler,* this Court previously concluded that the envelope would not cure the possible confusion. Your Honor reasoned that "[b]ecause "the Coupon, crowded with three addresses, is visually confusing… a least sophisticated consumer would be confused about what to make of the multiple addresses, and wonder whether the correct one was displayed in the glassine window." Quoting *Dkt. No.* 20 (Decision and Order) at *13-14, citing *Adler, 2020* WL 4474624, at *6 (alterations omitted in original) (citing *Musarra,* 2020 WL 1166449, at *6). Thus, Defendant's averments regarding the glassine windows, even if the instructions on the Letter were

to use the payment coupon to return <u>any</u> correspondence including a validation demand, has already been held by the Court to be moot.

As Plaintiff has supplied admissible evidence regarding the alleged Debt, and the allegations herein, and since there is insufficient contradictory evidence, there is no genuine dispute of material fact that prevents the granting summary judgment in Plaintiff's favor. Therefore, it is respectfully submitted that this Court enter judgment consistent with the foregoing, and grant Plaintiff's motion in its entirety.

<u>**CONCLUSION**</u>

For all the reasons set forth herein, as well as those set forth in Plaintiff's moving brief, it is respectfully submitted that Plaintiff is entitled to summary judgment, together with such other and further relief as this Court deems just, equitable and proper.

Dated: Garden City, New York
     June 1, 2021

Respectfully submitted,

**BARSHAY SANDERS, PLLC**

By: s/ *Jonathan M. Cader*
Jonathan M. Cader, Esq.
Craig B. Sanders, Esq.
Kara McCabe, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 117915